

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/06/2009

| | | |
|---|---|---|
| IN RE: | § | |
| SUPERIOR OFFSHORE INTERNATIONAL, | § | CASE NO: 08-32590 |
| INC. | § | |
| | § | Jointly Administered Order |
| Debtor(s) | § | |
| | § | CHAPTER  11 |

## RECOMMENDATION TO DISTRICT COURT
## THAT WITHDRAWAL OF REFERENCE BE DENIED
(DOC # 1458)

Note:  related securities litigation is pending before District Judge Atlas.  (*In re: Superior Offshore International, Inc. Securities Litigation* 4:08-cv-00687).

Louis E. Schaefer, Jr. ("Schaefer") was an officer and director of Superior Offshore International, Inc. ("Debtor") prior to the date that the Debtor filed a voluntary petition commencing this bankruptcy case.  He filed proof of claim # 383 asserting a contingent, unliquidated claim for legal services (defense) of a securities lawsuit filed against him and against Debtor (and others) relating to an initial public offering of stock .  The proof of claim also asserts a right of indemnity with respect to any judgment that might be rendered against him in that litigation.

On March 12, 2009, the Plan Agent[1] filed an objection to Schaefer's claim.  The objection asserts: (i) that Schaefer has not incurred any expense or liability that would give rise to a claim; (ii) that Schaefer's defense is being provided by insurance coverage purchased by Debtor, and (iii) that the claim is "subsumed in claims asserted by third parties" (*i.e.* the securities plaintiffs who have asserted the same claims directly against Debtor.  In a supplemental objection to claim,[2] the Plan Agent alleges that to the extent that the claim is for indemnity, it must be disallowed under Bankruptcy Code § 502(e)(1)(B).[3]

Schaefer's response to the objection is a motion to withdraw the reference.  The motion alleges that Schaefer's claim depends on the outcome of the securities litigation that is pending in the United States District Court for the Southern District of Texas: *In re: Superior Offshore International Inc. Securities Litigation*, Civil Action No. 08-cv-00687 and that therefore withdrawal of the reference is mandatory and, in the alternative, alleges that the reference should be withdrawn under the District Court's permissive authority (28 USC § 157(d)).

---

[1] The Court confirmed Debtor's chapter 11 plan under which a Plan Agent is prosecuting claims' objections.

[2] Docket # 1520.

[3] Schaefer urges the Court to disregard the supplemental objection because it was not raised in the original pleading.  The Court declines that request.  The matter is not even close to trial, and amendment of the pleadings would improve, not diminish, the quality of the decision.

### 1.     Mandatory Withdrawal of the Reference

Under the second sentence of 28 USC § 157(d), the district court must withdraw the reference from the bankruptcy court if resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The undersigned bankruptcy judge agrees with the Plan Agent (in docket # 1567). While determination of the securities litigation ultimately determines whether the securities plaintiffs have a claim against Schaefer, federal securities laws do not determine whether Schaefer has a claim against Debtor. To determine Schaefer's claim (if any) against the bankruptcy estate, the Court need only consider the following law: (i) the law of contracts (the indemnity contract), (ii) state corporate law (the corporate bylaws), and (iii) title 11 (the Bankruptcy Code). While it is true that the amount of indemnity, if any, depends on the outcome of the District Court litigation, that is not "law" that the Court must consider in determining the allowance of the claim. Thus the Court need not consider both title 11 and "other laws of the United States regulating organizations or activities affecting interstate commerce." Therefore, at least in the opinion of the undersigned, mandatory abstention does not apply.

### 2.     Permissive Abstention

There is no question that the district court can withdraw the reference for cause shown. The following discussion addresses reasons that auger for and against permissive withdrawal.

#### a.     *Precision*

It is undisputed that Schaefer is being provided a defense by counsel paid by the insurance company. Therefore, he does not have a claim for costs of defense. His claim, if any, is for indemnity from any judgment that the plaintiffs might obtain.

If the bankruptcy court were to estimate this claim, it is unlikely that the estimate would be precisely the same as whatever result will obtain from the litigation before Judge Atlas. Precision, therefore, is better served by the procedure that Schaefer suggests: withdrawal of the reference and determination of the claim when the final appeal is decided in the securities litigation.

#### b.     *Precision is not significant in this situation*

But precision is not important in this situation because whatever the amount of the claim, it must be subordinated and possibly disallowed.

Bankruptcy Code § 510(b) provides:

[A] claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502

> on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

To the extent that his claim is for indemnity, therefore, Schaefer's claim is subordinated to claims of all unsecured creditors. There was considerable controversy at the confirmation hearing concerning whether there would be sufficient funds in the estate to pay all unsecured creditors in full. Therefore, precision in determining Schaefer's claim is not important because, whatever the amount, it will either not be paid or will only be paid a fraction of its allowed amount. In addition, the Plan Agent alleges (and Schaefer does not deny) that the same plaintiffs are making the same securities claim against the estate. Therefore, to the extent that the plaintiffs obtain a judgment favorable to them in the securities litigation, that judgment lies against the bankruptcy estate as well as against Schaefer, but plaintiffs are only entitled to one recovery.

In addition, arguably the claim must be entirely disallowed. Bankruptcy Code § 502(e)(1)(B) provides:

> [T]he court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on … the claim of a creditor, to the extent that-- …
>
> **(B)** such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution

The Plan Agent argues that Schaefer's claim must be disallowed because the Plan Agent asserts that "indemnity", for these purposes, is "reimbursement or contribution". Schaefer strenuously disagrees. The Court will not address this issue in detail here. The other reasons set forth above support the conclusion that "precision" in determining the claim is not a material factor.

      **c.**   *The need for expedited determination of the claim should drive the decision on withdrawal of the reference.*

The Bankruptcy Code recognizes that expedited treatment is sometimes necessary to prevent distributions to the entire body of bankruptcy creditors to be held up by tenuous legal arguments asserted by a single creditor. Bankruptcy Code §502(c) provides:

**(c)** There shall be estimated for purpose of allowance under this section--

>  **(1)** any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case;

The Trustee is approaching distribution to creditors.  Unless there is some reason to expect early final adjudication of the securities litigation the bankruptcy court should estimate Schaefer's claim to avoid delaying millions of dollars of distributions to the vast majority of creditors in this case.

### 3. Conclusion

For the preceding reasons, the Court recommends that withdrawal of the reference be denied.

SIGNED 07/06/2009.

*Wesley W. Steen*
Wesley W. Steen
United States Bankruptcy Judge