UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUPERIOR OFFSHORE | § | CASE NO. 08-32590-H2-11 |
| INTERNATIONAL, INC., | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

**PLAN AGENT'S OBJECTION TO M/V MARC, LLC'S MOTION TO RECONSIDER**
(Relates to Docket No. 2165)

**To the Honorable Wesley W. Steen,
United States Bankruptcy Judge:**

H. Malcolm Lovett, Jr. (the "Plan Agent"), the Plan Agent under the confirmed First Amended Joint Chapter 11 Plan of Liquidation (the "Plan"), files this objection M/V Marc, LLC's ("Movant") motion to reconsider this Court's denial of its motion for leave to file proof of claim.

**Background**

1.  The Debtor filed a voluntary chapter 11 case on April 24, 2008.

2.  The claims bar date in this case was September 29, 2008.

3.  Movant's corporate parent, Jambon & Associates, LLC ("Jambon"), actively participated in the Debtor's case. In fact, Movant's counsel, who is also counsel for Jambon, negotiated the payment of Jambon's secured claim in August, 2008 [Docket No. 802], as well as the resolution of Jambon's remaining claim in May, 2009 [Docket No. 1693].

4.  On January 28, 2009, the Court entered an order confirming the Plan. The Plan became effective on February 11, 2009.

      5.      Article 8.5 of the Plan provides as follows:

> Except as otherwise provided in the Plan, any proof of claim filed by the holder of such claim after the Bar Date is disallowed unless the proof of claim is subsequently determined to be timely filed or otherwise allowed by final order of the Bankruptcy Court issued pursuant to motion of such holder <u>filed no later than thirty 30 days after the effective date, after notice and a hearing, finding excusable neglect</u>.

*See* Docket No. 1248 [emphasis added].

      6.      On May 12, 2009, Movant filed Claim No. 529, asserting an unsecured claim in the amount of $21,915.00. The proof of claim is signed by Jambon's counsel. No motion for leave was filed in connection with Movant's claim.

      7.      On July 23, 2009, the undersigned sent correspondence to Movant's counsel stating that Movant's claim was disallowed by operation of Article 8.5 of the Plan.

      8.      Almost seven months later, on February 18, 2010, Movant filed a motion for leave to file proof of claim [Docket No. 2153]. In its motion, Movant asserts that, despite the restrictions of Article 8.5 of the Plan, Movant's claim should be deemed timely filed on account of its "miscommunication, inadvertence or mistake." Movant self-calendared its motion for hearing on March 1, 2010 at 3:00 p.m. Movant failed to include BLR 9013 language in its motion or provide notice of the March 1 hearing to the Plan Agent or any other party-in-interest.

      9.      The undersigned learned that Movant's motion was set for hearing when reviewing the Court's docket in connection with an unrelated case and appeared before the Court at the scheduled hearing on March 1, 2010. No one appeared on behalf of Movant and the Court denied Movant's motion for want of prosecution [Docket No. 2163].

      10.      On March 9, 2010, Movant filed its motion to reconsider the Court's order denying its motion for leave [Docket No. 2165]. In the motion to reconsider, Movant states that it "mistakenly thought the Motion for Leave would be decided on the pleadings and that the hearing date was merely for purposes of scheduling and fixing the date by which all pleadings

must have been submitted." Movant again self-calendared the motion for hearing, this time to be heard on March 15, 2010 at 3:00 p.m. Movant appears to also be requesting authority to appear by telephone because its attorneys are "located in New Orleans, Louisiana."

## Objection to the Motion

11.     The Plan Agent objects to both the motion for leave [Docket No. 2153] and the motion to reconsider [Docket No. 2165] for numerous reasons.

12.     First, and perhaps most importantly, Movant's claim is strictly barred under Article 8.5 of the Plan. Given the plain language of the Plan, the Plan Agent does not believe that the "excusable neglect" standard even applies to this situation.

13.     Second, even if the Court applied the "excusable neglect" standard, Movant falls far short of establishing that leave should be granted under such standard. Among other things, Movant's corporate parent and counsel were active participants in this case. Even if the Court assumes that Movant somehow wasn't aware of this case until April 30, 2009, which the Plan Agent finds hard to believe, Movant provides absolutely no explanation as to why (i) it failed to request leave of Court in April, 2009 when it clearly knew that the claims bar date had long passed; and (ii) why it waited almost seven months from its receipt of the Plan Agent's notice of disallowance to finally file its motion for leave. Movant simply does not meet the "excusable neglect" standard.

14.     Finally, nothing in the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules or the rules of this Court suggest that a motion for leave to file a late proof of claim—especially one filed eight months after the bar date and three months after the Plan Effective Date—does not require an evidentiary hearing. Movant knew the motion was opposed. Movant had to have known that *it had the evidentiary burden* with respect to the motion.

Movant's self-calendaring of the original hearing for *eleven days from the motion date*, its failure to provide notice of the hearing to any party in this case, and its inexplicable failure to appear and prosecute the motion suggest a gross disregard for this Court's docket and procedural rules. The estate should not have to pay for Movant's irresponsible prosecution of its claim.

15. The Plan Agent requests that the Court (i) deny Movant's motion to reconsider with prejudice; and (ii) grant such other relief as set forth above.

**Dated: March 15, 2010.**

Respectfully submitted,

**Porter & Hedges, L.L.P.**

/s/ Joshua W. Wolfshohl
David R. Jones
State Bar No. 00786001/S.D.Tex. No. 16082
Joshua W. Wolfshohl
State Bar No. 24038592
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6695
(713) 226-6295 (fax)
**Counsel for H. Malcolm Lovett, Jr., Plan Agent**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument was served upon Iliaura Hands, Miller & Williamson, LLC, 3150 Energy Center, 1100 Poydras Street, New Orleans, LA 70163 by first class mail on this 15th day of March, 2010. In addition, all parties registering an appearance through ECF will be served electronically.

/s/ Joshua W. Wolfshohl
Joshua W. Wolfshohl