IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 08-32590-H2-11 |
| SUPERIOR OFFSHORE INTERNATIONAL, INC., | § § | |
| | § | CHAPTER 11 |
| DEBTOR. | § § | |

**OBJECTION TO JOINT MOTION TO (I) APPROVE PROCEDURE TO DETERMINE HOLDERS OF CLASS 8 INTERESTS; AND (II) ESTABLISH A BAR DATE AND NOTICING PROCEDURES FOR CLASS 8 INTERESTS**
(Relates to Docket No. 2201)

COMES NOW, Riverside Contracting, LLC ("Riverside"), a holder of equity interests in the above-captioned bankruptcy case, and files this Objection (the "Objection") to the Joint Motion to (i) Approve Procedure to Determine Holders of Class 8 Interests; and (ii) Establish a Bar Date and Noticing Procedures for Class 8 Interests (the "Joint Motion") [Docket No. 2201]. In support of its Objection, Riverside respectfully represents as follows:

## I. INTRODUCTION

1.  H. Malcolm Lovett, Jr., the plan agent for the above-captioned bankruptcy case, ("Plan Agent") and the Post-Confirmation Committee (the "PCC") filed the Joint Motion requesting that the Court approve a procedure to determine the holders of Class 8 Interests under the confirmed First Amended Joint Chapter 11 Plan of Liquidation (the "Plan") and establish a bar date and notice procedures for Class 8 Interests.[1] These procedures would unnecessarily waste time and estate resources and needlessly delay and dilute distributions to equity interest holders. They would also improperly effectuate a material modification of the confirmed Plan following substantial consummation in violation of 11 U.S.C. § 1127(b). The Plan Agent and PCC admit in the Joint Motion that the Plan Agent already has the relevant list of holders of

---

[1] All terms not defined herein shall have the same meaning as in the Joint Motion.

Class 8 Interests as of the Equity Interest Record Date pursuant to the terms of the Plan (Plan at §8.6.1 and §1.45), and there is no need to ferret out or invent a new list of current equity interest holders. Instead of protecting investors, the Joint Motion proposes a procedure that will inevitably stall and dilute the recovery to investors by increasing administrative fees and expenses and that could disallow distributions to interest holders if they do not comply with the new, unexpected requirements. There is no need for the Court to create such obstacles.

## II.  FACTUAL BACKGROUND

2. Riverside is the beneficial owner of 320,000 common shares in the Debtor, which are held in the name of Charles Schwab & Co. and TD Ameritrade.[2]

3. On April 24, 2008, Superior Offshore International, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. On January 28, 2009, the Court entered an order confirming the Plan. The Plan became effective on February 11, 2009 and, pursuant to the Plan, all creditors in Classes 1-6 have already been paid in full with interest. (Joint Motion, ¶ 5). The Joint Motion affects only equity interests in the Debtor which are classified as Class 8 – Interests.

5. The Plan Agent is holding $30 million in cash, and more funds may be recovered for distribution purposes from tax refunds and the pursuit of claims against the Debtor's former officers and directors. (Joint Motion at ¶ 6).

---

[2] An affiliate of Riverside, ReGen Capital I, Inc. is the beneficial owner of an additional 68,000 shares, which are held in the name of J.P. Morgan & Co. ("JPM") but were previously listed as being held in the name of Bear Stearns, a division of JPM. Consolidation within the financial services industry, such as JPM's acquisition of Bear Stearns, may account for many of the changes in ownership of common shares of the Debtor reported in the Joint Motion.

6. It is undisputed that, under the Plan, the record date for distributions for Class 8 – Interests is the Equity Interest Record Date, which is the same day as the Effective Date. (Plan at §§8.6.1 and 1.45). Further, the Plan states that for distributions to Equity Interests, "the Plan Agent will rely on the relevant stock transfer ledger(s) as of the Equity Interest Record Date." (Plan at § 8.6.1). The Plan further provides that Class 8 – Interests shall be canceled as of the Effective Date and the holders of Allowed Equity Interest shall receive a Pro-Rata share with all Allowed Class 7 Claims. (Plan at § 5.5).

7. The Joint Motion states that the Plan Agent has already obtained a Deposit Trust Company ("DTC") Stock Position Report as of the close of business on February 11, 2009 (the "DTC Report")." (Joint Motion at ¶ 10). According to the Plan Agent and PCC, the DTC report shows that, on the Effective Date, substantially all shares of common stock in the Debtor were held in street name and maintained electronically by various institutions.

### III. OBJECTION

8. The relief requested in the Joint Motion would harm investors by delaying and diluting their potential recovery with unnecessary and increased administrative expenses. The proposed new procedure is likely to be expensive and time-consuming. The Joint Motion is fundamentally flawed because there is no need to establish a new bar date for Class 8 – Interests when the Plan Agent already has the relevant information as of the Equity Interest Record Date, as contemplated by the Plan. (Joint Motion at ¶ 10). According to the confirmed Plan, the Plan Agent will make distributions based on the "relevant stock transfer ledger(s) as of the Equity Interest Record Date." (Plan at § 8.6.1). The Plan Agent will fulfill its obligations to make distributions under the Plan to Class 8 Interest holders if it makes distributions in reliance upon the relevant stock transfer ledger(s) as of the Equity Interest Record Date. The Plan Agent does

not have other or further obligations once such distributions are made as required by the Plan. Accordingly, there is no need to embark upon an expensive and time-consuming bar date process. The primary beneficiary of such procedures (review and objections to proofs of interest, presumably due to post-Effective Date/Equity Interest Record Date transfers) would be the professionals who in engage in such tasks. Requiring each Class 8 – Interest holder to file a proof of interest will result in unnecessary and increased administrative costs as the Plan Agent will now have to review each proof of interest to determine if it is valid rather than simply making payments based upon the relevant stock transfer ledger(s) as of February 11, 2009. Furthermore, there is no reason why payment to the holders of Class 8 – Interests should be delayed—presumably for months—to facilitate a procedure that will do nothing but dilute their recoveries. Accordingly, the relief requested in the Joint Motion should be denied.

9. The movants profess concern that the Debtor's stock may have been traded after the Equity Interest Record Date/Effective Date. But the Plan states that the Plan Agent will make distributions relying on the relevant stock transfer ledger(s) as of the Equity Interest Record Date/Effective Date, and not based upon any subsequent date(s). The Plan Agent is only required to do what the Plan provides. If stock was traded after the Equity Interest Record Date/Effective Date, it is not the Plan Agent's responsibility to protect the purchaser in such a transaction. Anyone who purchased stock after the Equity Interest Record Date/Effective Date did so with knowledge (or is charged with knowledge) of the contents of the Plan—that the Debtor's stock was to be canceled on the Effective Date and interests would be paid as reflected as of the Effective Date. (Plan at § 5.5).

10. The post-confirmation estate and the other interest holders should not be forced to bear the brunt and burden of this additional procedure simply so that parties who traded in the

Debtor's stock after the Effective Date may be protected. The goal of the Joint Motion--ascertaining the identity of the current equity interest holders—is misguided. Payment should be made based upon the Effective Date as provided in the Plan. For this reason, too, the Joint Motion, therefore, should be denied.

11. Furthermore, the bar date process requested by the PCC and Plan Agent proposes to disallow Class 8 – Interests if a holder fails to comply with this new procedure. This result would be harsh, unnecessary and may alter a holder's rights without notice. For approximately two years, Class 8 – Interest holders have been able to rely upon the plain language contained in the confirmed Plan that the Plan Agent would make payments based on the Equity Interest Record Date. Requiring that a Class 8 – Interest holder now file a proof of interest, two years after confirmation of the Plan, would create an unnecessary hurdle and possible alteration of the rights of such holders for no justifiable reason. Therefore, the Joint Motion should be denied.[3]

12. Additionally, the Joint Motion seeks to modify the confirmed Plan. As shown above, the Plan provides that the record date for distributions to holders of Allowed Interests under the Plan is the Equity Interest Record Date (February 11, 2009) and the Plan Agent is to rely on the relevant stock transfer ledger(s) as of that date. (Plan at §8.6.1; Joint Motion at ¶ 7). But the Joint Motion states that the Plan Agent and PCC have little confidence that a certain DTC Report "is currently accurate" and it seeks to establish procedures to ascertain the identity of the "current shareholders." (Joint Motion at ¶ 11). The Joint Motion's reference to the DTC

---

[3] The proposed procedure might also dispossess valid Class 8 – Interest holders of their rights merely because they do not receive notice of this new procedure if they do not read the newspaper or do not receive the information in time to file a proof of interest. Such procedure is burdensome and may result in dispossessing valid holders of Class 8 – Interests who relied on the procedure set out in the confirmed Plan.

Report is misleading. The focus must be on the date which is the proper point of reference for distribution purposes, which is the Effective Date.

13. Section 1127(b) of the Bankruptcy Code bars material modifications of the Plan following substantial consummation in a manner that would change the identity of the class of equity interest holders. The Plan as confirmed provides that distributions should be made based upon the relevant stock transfer ledger(s) as of the Equity Interest Record Date (early 2009), not some unspecified date in 2011. The Plan should not be modified at this late juncture to change who is entitled to receive distributions on account of Class 8 Interests under the Plan. This would constitute a material modification not permitted by the Bankruptcy Code.

14. Finally, movants may point out that §5.5 of the Plan provides that a Post-Confirmation Equity Subcommittee will file a motion asking this Court to establish distribution procedures and rights relative to Class 7 Claims and Class 8 Interests. But the Joint Motion notes that Class 7 - Subordinated Securities Claims is comprised primarily of a proof of claim filed for a putative class in a securities fraud lawsuit and that the federal district court judge before whom that case is pending has denied certification of that class. (Joint Motion at fn.1). The Joint Motion further states that pleadings in that action indicate that a "memorandum of understanding" settling the securities litigation has been executed and is awaiting final approval from that court. *See id.* Accordingly, there is no need for the Court to establish distribution procedures to clear up rights as between Classes 7 and 8 under the Plan.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, Riverside requests that the Court (i) deny the Joint Motion in its entirety; and (ii) grant Riverside any other and further relief deemed necessary and appropriate by this Court.

Respectfully submitted this 29th day of November, 2010.

        **OKIN ADAMS & KILMER LLP**

        By:    /s/ *Matthew S. Okin*
            Matthew S. Okin (TB# 00784695)
            mokin@oakllp.com
            Sara Mya Keith (TB# 24062938)
            skeith@oakllp.com
            1113 Vine St. Suite 201
            Houston, TX 77002
            Tel: (713) 228-4100
            Fax: (888) 865-2118

        *and*

        **HERRICK, FEINSTEIN LLP**
        Paul Rubin (NYB# 2492577)
        2 Park Avenue
        New York, NY 10016
        Tel: (212) 592-1400
        Fax: (212) 545-3360
        Email: prubin@herrick.com


        **ATTORNEYS FOR RIVERSIDE CONTRACTING, LLC**

## CERTIFICATE OF SERVICE

       I hereby certify that on November 29, 2010 I sent a true and correct copy of the above and foregoing **Objection** via the Court's CM/ECF electronic system to all parties consenting to service via same and via US Mail Postage pre-paid to the parties listed below.

| | |
|---|---|
| Counsel for the Plan Agent<br>David R. Jones<br>Joshua W. Wolfshol<br>Porter & Hedges, L.L.P.<br>1000 Main, 36th Floor<br>Houston, Texas 77002 | Counsel for Post-Confirmation Committee<br>Michael S. Etkin<br>Lowenstein Sandler PC<br>1251 Avenue of the Americas, 18th Floor<br>New York, New York  10020 |

United States Trustee
Hector Duran
Office of the United States Trustee
515 Rusk Street, Room 3516
Houston, Texas 77002

                                                 /s/ *Matthew S. Okin*
                                                 Matthew S. Okin