# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**ENTERED**
**01/28/2009**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **SUPERIOR OFFSHORE** | § | CASE NO. 08-32590-H2-11 |
| **INTERNATIONAL, INC.,** | § | (Chapter 11) |
| | § | |
| **Debtor.** | § | |

## ORDER CONFIRMING
## FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION

Pursuant to this Court's Order entered January 9, 2009 [Docket No. 1153] (the "Disclosure Statement Order") approving the First Amended Disclosure Statement Under 11 U.S.C. § 1125 in Support of the First Amended Joint Plan of Liquidation Submitted by Superior Offshore International, Inc. and the Official Committee of Unsecured Creditors, as Modified (the "Disclosure Statement") and Fixing Deadlines for Voting and Objections, the Court conducted a hearing on January 28, 2009 to consider confirmation of the First Amended Joint Plan of Liquidation Submitted by Superior Offshore International, Inc. and the Official Committee of Unsecured Creditors filed on December 16, 2008 [Docket No. 1081] (together with the First Supplement to the First Amended Joint Chapter 11 Plan of Liquidation filed on January 17, 2009, the "Plan"). After considering the evidence presented and the arguments of counsel, the Court ~~finds as follows~~ *announced its findings and conclusions on the record under FRBP 7052 as supplemented by this order:*

1.     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to FED. R. BANKR. P. 7052, made applicable to this proceeding pursuant to FED. R. BANKR. P. 9014. To the extent any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

2.     On January 12, 2009, the Debtor mailed to all known Creditors, Interest Holders, the United States Trustee and to all persons that have entered an appearance in this case (i) a CD containing in PDF form the Disclosure Statement and Plan; (ii) a notice of package contents and directions for receiving a paper copy of the Disclosure Statement and Plan; (iii) the Letter from the Official Committee of Unsecured Creditors; (iv) the Disclosure Statement Order; and (v) Ballot(s). Proof of service of the foregoing has been filed with the Court by the Debtor and is sufficient [Docket No. 1210]. The notice provided by the Debtor satisfies the requirements of all applicable Federal Rules of Bankruptcy Procedure, including, but not limited to, Rules 2002(a), (b), (c), (d), (j) and (k) and was adequate and proper in all respects under the circumstances of this case.

3.     On January 19, 2009, the Debtor mailed the First Supplement to the First Amended Joint Chapter 11 Plan of Liquidation (the "First Supplement") to all known Creditors, Interest Holders, the United States Trustee and to all persons that have entered an appearance in

this case. Proof of service of the First Supplement has been filed with the Court by the Debtor and is sufficient [Docket No. 1209]. The notice provided by the Debtor satisfies the requirements of all applicable Federal Rules of Bankruptcy Procedure, including, but not limited to, Rules 2002(a), (b), (c), (d), (j) and (k) and was adequate and proper in all respects under the circumstances of this case.

## Jurisdiction and Venue

4.      The Court has jurisdiction over this chapter 11 case and to confirm the Plan pursuant to 28 U.S.C. §§ 157 and 1334.

5.      Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto.

6.      Venue of the case is proper in this District pursuant to 28 U.S.C. § 1408(1).

7.      The Debtor is authorized to be a debtor under § 109 of the Bankruptcy Code.

8.      All parties (including without limitation such taxing authorities and other Governmental Units entitled to notice) required to be given notice of the Confirmation Hearing, including notice of the deadline for filing and serving objections to confirmation of the Plan, have been given proper, timely, and adequate notice in accordance with the Federal Rules of Bankruptcy Procedure and have had an ample opportunity to appear and be heard with respect thereto. No other or further notice is necessary or required.

9.      Pursuant to § 1125(d) of the Bankruptcy Code, the Debtor's and the Official Committee of Unsecured Creditor's transmittal of the Plan solicitation packages and their solicitation of acceptances of the Plan are not and will not be governed by or subject to any otherwise applicable law, rule or regulation governing the solicitation or acceptance of a plan of reorganization or the offer, issuance, sale or purchase of securities. Accordingly, the Debtor and the Official Committee of Unsecured Creditors (and their agents, employees, members and professionals) are entitled to the protection of § 1125(e) of the Bankruptcy Code.

## Voting

10.      Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Orders of this Court.

## The Plan Satisfies the Requirements of the Bankruptcy Code

11.      The Plan complies with all applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1).

12.      The Plan is dated and identifies the Debtor and the Official Committee of Unsecured Creditors as the proponents of the Plan. FED. R. BANK. P. 3016(a). The Debtor and

the Official Committee of Unsecured Creditors have complied with all provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(2).

      13.    The Plan designates and classifies Claims and Interests. 11 U.S.C. § 1123(a)(1). The classification of Claims and Interests under the Plan complies with § 1122 of the Bankruptcy Code. Each Claim and Interest placed in a particular class pursuant to the Plan is substantially similar to the other Claims or Interests, as the case may be, in such class. A reasonable basis exists for the classifications in the Plan.

      14.    The Plan specifies each class of Claims or Interests that is not impaired under the Plan. 11 U.S.C. § 1123(a)(2).

      15.    The Plan specifies the treatment of each class of Claims and Interests that are impaired under the Plan. 11 U.S.C. § 1123(a)(3).

      16.    The Plan provides the same treatment for each Claim or Interest of a particular class, unless the holder of a particular Claim or Interest agrees to a less favorable treatment of such particular Claim or Interest. 11 U.S.C. § 1123(a)(4).

      17.    The Plan provides adequate means for its implementation. 11 U.S.C. § 1123(a)(5).

      18.    The Plan provides for the assumption and rejection of executory contracts and leases in a manner consistent with the Bankruptcy Code. 11 U.S.C. § 1123(b)(2).

      19.    The Debtor and the Official Committee of Unsecured Creditors have complied with the applicable provisions of the Bankruptcy Code, including, without limitation, the disclosure and solicitation requirements under §§ 1125 and 1126 of the Bankruptcy Code. 11 U.S.C. §§ 1129(a)(2), 1125, 1126.

      20.    The Plan has been proposed in good faith and not by any means forbidden by law. 11 U.S.C. § 1129(a)(3). The Plan has been proposed for valid business purposes, to satisfy substantial obligations of the Debtor, and to provide relief under Chapter 11 to the Debtor and its Creditors and Interest Holders.

      21.    All payments made or to be made by the Debtor under the Plan, for services or for costs and expenses in or in connection with the Case, or in connection with the Plan and incident to the Case, have been approved by the Court or are subject to the approval of the Court as reasonable. 11 U.S.C. § 1129(a)(4).

      22.    The Debtor has disclosed that H. Malcolm Lovett, Jr. will serve as the Plan Agent under the Plan in accordance with 11 U.S.C. § 1129(a)(5). Mr. Lovett is confirmed as the Plan Agent with full authority to carry out the Plan.

      23.    The Debtor has also disclosed that the initial members of the Post-Confirmation Committee under the Plan shall be as follows: (i) Ms. Claire Davis; (ii) Mr. Michael Parker; (iii) Mr. Bruce Lucas; (iv) Mr. Terry Braud; and (v) Mr. L. Don Miller.

24. The Plan does not alter any rates charged by the Debtor. Therefore, the Plan does not require any governmental approvals. 11 U.S.C. § 1129(a)(6).

25. With respect to each impaired class of Claims or Interests, each holder of an impaired Claim or Interest in such class has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on the Effective Date. 11 U.S.C. § 1129(a)(7).

26. Each class of Claims and Interests has accepted the Plan (11 U.S.C. § 1129(a)(8)(A)), is not impaired under the Plan (11 U.S.C. § 1129(a)(8)(B)) or the Plan does not discriminate unfairly and is fair and equitable with respect to such class of Claims and/or Interests (11 U.S.C. § 1129(b)(1)).

27. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the Plan provides that, with respect to a Claim of a kind specified in § 507 of the Bankruptcy Code, on the later of (i) the Effective Date; or (ii) such later date as the Debtor and the holder of the Claim shall agree, the holder of such Claim will receive on account of such Claim cash in an amount equal to the Allowed amount of such Claim subject to and in accordance with the terms of the Plan, except that such Claims representing liabilities incurred or assumed by the Debtor in the ordinary course of business after the Petition Date shall be paid according to their terms. 11 U.S.C. § 1129(a)(9)(A) and (B).

28. The Plan is a liquidating plan. Accordingly, confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization except as specifically set forth in the Plan. 11 U.S.C. § 1129(a)(11).

29. With respect to all impaired classes of Claims, the Plan has been accepted by Creditors that hold at least two-thirds in amount and more than one-half in number of the Allowed Claims of each such class of Claims that have voted to accept or reject the Plan. 11 U.S.C. § 1129(a)(8). Equity Interests have voted against the Plan.

30. At least one class of Claims or Interests that is Impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any Insider. 11 U.S.C. § 1129(a)(10).

31. The Liquidating Debtor/Plan Agent shall timely pay on the Effective Date all pre-confirmation quarterly fees owed to the United States Trustee. 11 U.S.C. § 1129(a)(12). The Liquidating Debtor/Plan Agent shall also timely pay post-confirmation quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as the Court enters a final decree closing the case, or enters an order either converting the case to a case under chapter 7 or dismissing the case. After confirmation, the Liquidating Debtor/Plan Agent shall file with the Court and shall transmit to the United States Trustee a true and correct statement of all disbursements for each quarter, or portion thereof, that this chapter 11 case remains open in a format prescribed by the United States Trustee.

32.     The Debtor does not have obligations for the payment of retiree benefits, making § 1129(a)(13) of the Bankruptcy Code irrelevant.  11 U.S.C. § 1129(a)(13).

33.     All applicable requirements of §1129(a) of the Bankruptcy Code have been met except for § 1129(a)(8).  The Debtor has satisfied the requirements of § 1129(b).

34.     The modifications and clarifications made herein to the Plan do not cause the Plan to fail to meet the requirements of §§ 1122 and 1123 of the Bankruptcy Code and, pursuant to § 1127 of the Bankruptcy Code, do not adversely change the treatment of any Claim of any Creditor or the Interest of any Interest Holder who has not accepted the modification.  FED. R. BANKR. P. 3019.

35.     The primary purpose of the Plan is not avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act.

Accordingly, it is hereby **ORDERED THAT**:

## Confirmation of the Plan

36.     The Plan and the First Supplement, copies of which are attached hereto as **Exhibits 1 and 2**, as modified herein, is confirmed in all respects, regardless of whether specific reference is made herein to a particular article, paragraph, exhibit or provision of the Plan. The terms of the Plan are incorporated by reference into, and are an integral part of, this Order.  All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

37.     The Plan Agent is authorized and directed to implement the Plan in accordance with the terms thereof and to take any and all actions contemplated to be taken under the Plan.

38.     The appointments of the Post-Confirmation Committee and Post-Confirmation Equity Subcommittee, as set forth in the Plan and First Supplement filed on January 17, 2009 (Docket No. 1209), are approved in all respects and such committees are authorized to carry out their rights and duties as set forth in the Plan.

39.     The provisions of the Plan and this Order are binding on the Debtor, the Liquidating Debtor and any holder of a Claim or Interest, whether or not the Claim or Interest is Impaired under the Plan and whether or not the holder of such Claim or Interest has accepted the Plan.  All objections to confirmation of the Plan that have not been withdrawn prior to the entry of this Order or that are not cured by the relief granted herein are overruled in all respects. All withdrawn objections are deemed withdrawn with prejudice.

40.     On the Effective Date, the Liquidating Debtor and the Plan Agent are authorized to consummate the Plan and the transactions contemplated thereby.

**Executory Contracts and Unexpired Leases**

41. On the Effective Date, all executory contracts and leases that are not assumed under the Plan are rejected, unless otherwise dealt with by the Plan or this Order, or any other Order of the Court entered prior to the Effective Date, or which is the subject of a motion to assume pending on the Effective Date.

42. Damages arising from the rejection of an executory contract or unexpired lease shall be a General Unsecured Claim against the Debtor unless subordinated under applicable law. Any Claim for damages arising from the rejection of an executory contract or unexpired lease must be asserted in a proof of claim filed with the Bankruptcy Court no later than 45 days following the earlier of: (a) the date of entry of an order of the Bankruptcy Court approving such rejection, or (b) the Effective Date of the Plan. Any Claims not filed within such times shall be forever barred from assertion against the Debtor or the Liquidating Debtor. The Liquidating Debtor shall mail a notice to all known affected parties and shall publish a notice in the Houston Chronicle, the New Orleans Times-Picayune and the Lafayette Daily Advertiser that the Debtor has rejected leases and executory contracts and the deadline for asserting claims.

**Miscellaneous**

43. The Effective Date of the Plan shall be the tenth Business Day following the date on which this Order is entered, provided that no stay of this Order is entered. If a stay is entered, the Effective Date shall be the first Business Day after such stay expires or is otherwise terminated, or the tenth Business Day following the date on which this Order is entered, whichever is later.

44. The failure to reference or discuss any particular Plan provision in this Order shall have no effect on the validity, binding effect and enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as provisions of the Plan expressly approved herein.

45. No Claim shall be an Allowed Claim except for a Claim that (i) is specifically identified in the Plan as an Allowed Claim; (ii) is Allowed pursuant to the terms of this Order; (iii) is Allowed by separate Order of this Court; or (iv) following the deadline for the filing of objections to Claims, is a Claim for which either (A) a timely proof of claim has been filed and no objection has been filed; or (B) is scheduled by the Debtor as undisputed, not contingent and liquidated and for which no objection has been filed.

46. Subject to the further provisions of Article 8 of the Plan, unless otherwise ordered by this Court, the Liquidating Debtor/Plan Agent shall file and serve an objection to Claims and Interests no later than (i) 45 days after the later of the Effective Date or the date on which a proof of claim, proof of interest or request for payment is filed with the Court or (ii) such other date as may be approved by the Court after notice and hearing.

47. To the extent that any inconsistency exists between the provisions of the Plan and this Order, the terms and conditions contained in this Order shall govern.

48.     The provisions of this Order are integrated with each other and are nonseverable and mutually dependent.

49.     This Order is hereby declared to be in recordable form, and shall be accepted by any recording officer for filing and recording purposes without further or additional orders, certifications, or other supporting documents.

50.     References in this Order to the Debtor or the Liquidating Debtor are intended to be generally synonymous and interchangeable, the primary distinction being the timing of the Effective Date (i.e., Debtor before and Liquidating Debtor on and after the Effective Date). References to the Debtor with respect to an event after the Effective Date shall mean and include the Liquidating Debtor. References to the Liquidating Debtor with respect to an event before the Effective Date shall mean and include the Debtor.

51.     The Plan Agent, on behalf of the Liquidating Debtor, the Post-Confirmation Committee and the Post-Confirmation Equity Subcommittee are authorized pursuant to § 1142(b) of the Bankruptcy Code to (i) take all action which requires the approval of this Court to effect the Plan; and (ii) issue, execute, deliver, file or record any documents, and to take any action necessary or appropriate to implement, effectuate and consummate the Plan, and the matters contemplated by this Order, in accordance with their respective terms, whether or not specifically referred to in the Plan or any exhibit thereto and without further application to or order of this Court.

52.     Nothing in the Plan shall limit the right of Airgas Gulf States, Inc. ("AG") and Tudor Pickering Holt & Co. Securities, Inc. ("TP") to assert any charge, expense or other claim set forth in their pending respective proofs of claim. The Debtor has agreed that prior to filing a claim objection, the Debtor/Liquidating Debtor, in consultation with the Post-Confirmation Committee, will meet with AG and/or TP to discuss any objections that the Debtor/Liquidating Debtor has. The Debtor has also agreed to mediate any such objections at the election of AG and/or TP.

53.     Notwithstanding anything else to the contrary in the Plan or this Confirmation Order, these provisions will govern the treatment of the claims of the Texas Workforce Commission (the "TWC"): (1) to the extent that the Amended Priority Tax Claim of the TWC in the amount of $20,559.20 is not paid on the Effective Date, the TWC's claims shall commence to accrue interest at the TWC's statutory rate on the Effective Date of the Plan until paid in full; and (2) nothing provided in the Plan or this Confirmation Order shall affect or impair any setoff rights of the State of Texas, including the TWC.

54.     Notwithstanding anything else to the contrary in the Plan or this Confirmation Order, a holder of an Allowed Class 7 Subordinated Securities Claims shall only be required to look first to the proceeds of the Debtor's available insurance policies for satisfaction of its Claim: (1) to the extent that such Claim is covered by insurance; and (2) to the extent the proceeds of such policies constitute property of the estate under applicable law.

55.     Notwithstanding anything else to the contrary in the Plan or this Confirmation Order, no Distributions shall be made to holders of Class 8 Equity Interests, unless and until the Plan Agent has reserved an amount sufficient to pay holders of Class 7 Claims an equal pro-rata share of the proposed Distribution to Allowed Class 8 Equity Interests, unless otherwise ordered by the Court. Such reserve for the benefit of Class 7 Claims shall be without regard to potential insurance proceeds unless and until the amount of insurance proceeds available to holders of Allowed Class 7 Claims has been determined on a final basis. In that event, such reserve shall take into account available insurance proceeds in determining the appropriate interim Distribution to be made to holders of Class 8 Equity Interests.

56.     From and after the Effective Date, the Liquidating Debtor shall not destroy or otherwise abandon any documents and shall maintain any electronic data in the Debtor's existing archives subject to further order of this Court.

57.     The Clerk shall promptly serve notice of the entry of this Order pursuant to Rule 2002(f)(7) of the Federal Rules of Bankruptcy Procedure on all Creditors, Interest Holders and other parties in interest. The Plan Agent shall mail a copy of this Order and Notice of the Effective Date as soon as reasonably practicable, but in any event no later than ten (10) days after the Effective Date, to all parties on its Official Service List.

58.     After the date of this Order, this Court shall retain jurisdiction over this Chapter 11 Case according to applicable law, including jurisdiction to interpret and enforce the provisions of this Order.

SIGNED this **28th** day of January, 2009.

THE HONORABLE WESLEY W. STEEN,
CHIEF UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUPERIOR OFFSHORE | § | CASE NO. 08-32590-H2-11 |
| INTERNATIONAL, INC., | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

# FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION SUBMITTED BY SUPERIOR OFFSHORE INTERNATIONAL, INC. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

**December 16, 2008.**

**Porter & Hedges, L.L.P.**
David R. Jones
Joshua W. Wolfshohl
1000 Main Street, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 228-1331 (facsimile)
**Counsel for Superior Offshore International, Inc.**

**Liskow & Lewis**
Michael D. Rubenstein
John G. Almy
1001 Fannin, Suite 1800
Houston, Texas 77002
(713) 652-2900
(713) 651-2952 (facsimile)
**Counsel for the Official Committee of Unsecured Creditors**



EXHIBIT
1

# Table of Contents

Page

1.  **DEFINITIONS** ....................................................................................................................1

    Administrative Claim ...............................................................................................1
    Administrative Claim Bar Date ................................................................................1
    Allowed Claim ..........................................................................................................2
    Allowed Administrative Claim .................................................................................2
    Allowed Amount .......................................................................................................2
    Allowed General Unsecured Claim ..........................................................................2
    Allowed Interest ........................................................................................................2
    Allowed Subordinated Interest .................................................................................2
    Allowed Priority Non-Tax Claim .............................................................................2
    Allowed Priority Tax Claim ......................................................................................2
    Allowed Secured Claim ............................................................................................2
    Allowed Subordinated Claim ...................................................................................2
    Allowed Subordinated Securities Claim ...................................................................2
    Allowed Unsecured Claim ........................................................................................2
    Available Cash...........................................................................................................2
    Avoidance Action ......................................................................................................3
    Avoided Lien .............................................................................................................3
    Bankruptcy Code .......................................................................................................3
    Bankruptcy Court ......................................................................................................3
    Bankruptcy Rules ......................................................................................................3
    Bar Date ....................................................................................................................3
    Business Day .............................................................................................................3
    Cash ...........................................................................................................................3
    Cause of Action .........................................................................................................3
    Chapter 11 Case .........................................................................................................3
    Claim .........................................................................................................................3
    Claimant ....................................................................................................................4
    Collateral ...................................................................................................................4
    Committee ..................................................................................................................4
    Confirmation Date .....................................................................................................4
    Confirmation Hearing................................................................................................4
    Confirmation Order ...................................................................................................4
    Creditor .....................................................................................................................4
    Debtor ........................................................................................................................4
    Debtor in Possession .................................................................................................4
    Deficiency Claim .......................................................................................................4
    Disclosure Statement .................................................................................................4
    Disputed Claim ..........................................................................................................4
    Disputed Claims Reserve ..........................................................................................5
    Disputed Interest........................................................................................................5

Distribution .......................................................................................................5
Effective Date ...................................................................................................5
Equity Interest or Interest ................................................................................5
Equity Interest Holder or Interest Holder ........................................................5
Equity Interest Record Date .............................................................................5
Estate ................................................................................................................5
Final Distribution .............................................................................................5
Final Order .......................................................................................................5
General Unsecured Claim .................................................................................6
Governmental Unit ...........................................................................................6
Initial Distribution Date ...................................................................................6
Interest Holder ..................................................................................................6
Lien ...................................................................................................................6
Liquidating Debtor ...........................................................................................6
Payment Date ...................................................................................................6
Person ...............................................................................................................6
Petition Date .....................................................................................................6
Plan ...................................................................................................................6
Plan Agent ........................................................................................................6
Plan Agent ........................................................................................................6
Plan Agent Recovery ........................................................................................6
Plan Ballot ........................................................................................................7
Plan Documents ................................................................................................7
Plan Rate ...........................................................................................................7
Priority Claim ...................................................................................................7
Priority Non-Tax Claim ....................................................................................7
Priority Tax Claim ............................................................................................7
Professional Fee Claims ...................................................................................7
Professional Fees ..............................................................................................7
Professionals ....................................................................................................7
Pro Rata ............................................................................................................8
Rights of Action ...............................................................................................8
Schedules ..........................................................................................................8
Secured Claim ...................................................................................................8
Securities Litigation .........................................................................................8
Subordinated Claim ..........................................................................................8
Subordinated Securities Claim .........................................................................8
Subordinated Interest ........................................................................................8
Unsecured Claim ..............................................................................................8

2.   **RULES OF CONSTRUCTION** .............................................................**9**

3.   **CLASSIFICATION OF CLAIMS AND INTERESTS** ...........................**9**

Class 1 – Administrative Claims .......................................................................9
Class 2 – Priority Tax Claims ...........................................................................9
Class 3 – Priority Non-Tax Claims ...................................................................9

Class 4 – Secured Claims ................................................................................9
Class 5 – General Unsecured Claims ..............................................................9
Class 6 – Subordinated Claims ........................................................................9
Class 7 – Subordinated Securities Claims ......................................................10
Class 8 – Interests ..........................................................................................10
Class 9 – Subordinated Interests ....................................................................10

4.    **IMPAIRMENT OF CLAIMS AND RESOLUTION OF CLAIM CONTROVERSIES** ...........................................................................**10**

Impaired Classes .............................................................................................10
Unimpaired Classes .........................................................................................10
Controversy Concerning Classification, Impairment or Voting Rights ..........10

5.    **TREATMENT OF IMPAIRED CLAIMS** ......................................................**10**

Class 4 – Secured Claims ................................................................................10
Class 5 – General Unsecured Claims ..............................................................11
Class 6 – Subordinated Claims ........................................................................11
Class 7 – Subordinated Securities Claims ......................................................11
Class 8 – Interests ..........................................................................................11
Class 9 – Subordinated Interests ....................................................................12

6.    **TREATMENT OF UNIMPAIRED CLAIMS** ...............................................**12**

Class 1—Administrative Claims .......................................................................12
Class 2—Priority Tax Claims...........................................................................12
Class 3—Priority Non-Tax Claims ...................................................................12

7.    **MEANS OF IMPLEMENTATION OF THE PLAN** .....................................**12**

Vesting of Property of the Estate in the Liquidating Debtor ..........................12
Continuation of Operations .............................................................................12
General Powers ................................................................................................13
Limitations on the Powers of the Liquidating Debtor ....................................15
The Committees................................................................................................15
The Post-Confirmation Committee ..................................................................15
Resignation/Removal of the Plan Agent .........................................................16
Appointment of Successor Plan Agent ...........................................................16
Rights and Duties of the Post-Confirmation Committee ................................16
Additional Rights and Duties of the Post-Confirmation Subcommittee .........16
Compensation Procedures ...............................................................................17

8.    **CLAIM/INTEREST OBJECTION PROCEDURES, TREATMENT OF DISPUTED CLAIMS/INTERESTS AND PROCEDURE FOR ASSERTING CLAIMS** ............**17**

Objection Process .............................................................................................17
Filing of Claims and Causes of Action............................................................18

Disputed Claims Reserve ...................................................................................18
Distributions to Holders of Disputed Claims and Disputed Interests...............18
Disallowance of Late Filed Proofs of Claim ...................................................18
Provisions Governing Distributions .................................................................19

9.     **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**....................**20**

Rejection of Executory Contracts and Unexpired Leases .................................20
Claims Based on Rejection of Executory Contracts or Unexpired Leases ........20

10.    **EFFECT OF REJECTION BY ONE OR MORE CLASSES OF CLAIMS**.............**20**

Impaired Classes to Vote .................................................................................20
Acceptance by Class ........................................................................................20
Reservation of Cramdown Rights .....................................................................20

11.    **EFFECT OF CONFIRMATION** ........................................................**20**

Legally Binding Effect ......................................................................................20
Limited Discharge of Debtor and Injunction....................................................21
Limited Protection of Certain Parties in Interest .............................................21
Indemnification................................................................................................22
Continuation of Anti-Discrimination Provisions of Bankruptcy Code ...........22
Preservation of Claims and Rights ...................................................................22

12.    **RETENTION OF JURISDICTION**...................................................**23**

Exclusive Bankruptcy Court Jurisdiction........................................................23
Limitation on Jurisdiction................................................................................24

13.    **CONDITIONS TO CONFIRMATION OF PLAN**..........................**24**

Conditions Precedent to Effective Date ...........................................................24
Annulment of Plan if Conditions Not Waived or Satisfied ..............................25

14.    **NOTICE PROVISIONS**....................................................................**25**

Notices.............................................................................................................25
Limitation on Notice.........................................................................................26
General Notice To Creditors.............................................................................26

15.    **MISCELLANEOUS PROVISIONS** ................................................**26**

Bar Date for Administrative Claims..................................................................26
Objections to Administrative Claims ...............................................................27
Payment of Professional Fees...........................................................................27
Payment of United States Trustee Fees ............................................................27
Directive to State Agencies ..............................................................................27

Warranty of Transfers................................................................................................27
Compliance with Tax Requirements.............................................................................27
Amendment of the Plan...............................................................................................27
Timing of Distributions...............................................................................................27
Enforcement of Subordination Agreements .................................................................28
Filing of Documents in Public Records.......................................................................28
Right to Seek Further Orders.......................................................................................28
Regulatory Approvals..................................................................................................28
Withdrawal of Plan......................................................................................................28
Due Authorization by Creditors ..................................................................................28
Filing of Additional Documentation ...........................................................................29
Implementation ...........................................................................................................29
Further Effect of Confirmation....................................................................................29
Reservation of Claims .................................................................................................29
Dates...........................................................................................................................29
Governing Law ............................................................................................................29
Conflict .......................................................................................................................29
Severability .................................................................................................................29
Further Action .............................................................................................................30

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUPERIOR OFFSHORE | § | CASE NO. 08-32590-H2-11 |
| INTERNATIONAL, INC., | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

## FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION

Superior Offshore International, Inc. and the Official Committee of Unsecured Creditors file this Joint Chapter 11 Plan of Liquidation to address the liquidation of the Debtor's assets and distributions to all Creditors and Interest Holders.

## Article 1
## DEFINITIONS

As used in the Plan, the following terms shall have the respective meanings specified below. Any term used in the Plan not defined below or herein shall be interpreted in accordance with the Rules of Construction set forth in Article 2 of this Plan.

1.1     Administrative Claim. Any cost or expense of administration of the Chapter 11 Case incurred on or before the Effective Date entitled to priority under § 507(a)(1) and allowed under § 503(b) of the Bankruptcy Code, including without limitation, any actual and necessary expenses of preserving the Debtor's estate, including wages, salaries or commissions for services rendered after the commencement of the Chapter 11 Case, certain taxes, fines and penalties, any actual and necessary post-petition expenses of operating the Debtor's business, certain post-petition indebtedness or obligations incurred by or assessed against the Debtor in connection with the conduct of its business, or for the acquisition or lease of property, or for providing services to the Debtor, including all allowances of compensation or reimbursement of expenses to the extent allowed by the Bankruptcy Court under the Bankruptcy Code, and any fees or charges assessed against the Debtor's estate under chapter 123, title 28, United States Code. With respect to Administrative Claims which are allowed pursuant to §§ 503(b)(2), 503(b)(3), 503(b)(4), 503(b)(5), 503(b)(6), 503(b)(7), 503(b)(8) or 503(b)(9), there shall be an Administrative Claim against the Debtor only to the extent of and only after the entry of a Final Order approving such Administrative Claim following the filing of a motion or application prior to the Administrative Claim Bar Date.

1.2     Administrative Claim Bar Date. The last day to file an application for allowance of an Administrative Claim (other than (i) quarterly U.S. Trustee fees and (ii) Professional Fee Claims), which shall be 15 days after the Effective Date.

1.3     Allowed Claim.  Any Claim (i) which has been scheduled by the Debtor pursuant to Bankruptcy Rule 1007 and (a) is not scheduled as disputed, contingent or unliquidated, (b) as to which no Proof of Claim has been filed and (c) as to which no objection to such scheduled Claim has been filed; (ii) as to which a timely Proof of Claim has been filed as of the Bar Date and no objection thereto has been made; or (iii) that has been allowed by a Final Order.

1.4     Allowed Administrative Claim.  An Administrative Claim to the extent it is or becomes an Allowed Claim.

1.5     Allowed Amount.  The amount of an Allowed Claim.

1.6     Allowed General Unsecured Claim.  A General Unsecured Claim to the extent it is or becomes an Allowed Claim.

1.7     Allowed Interest.  Any Equity Interest on the Equity Interest Record Date that has not been disallowed pursuant to the terms of the Plan or a Final Order of the Bankruptcy Court. Any Interest that is allowed solely for purposes of voting to accept or reject this Plan pursuant to an Order of the Bankruptcy Court shall not be deemed to be an Allowed Interest for purposes of distribution under this Plan

1.8     Allowed Subordinated Interest.  Any Subordinated Interest that has been allowed pursuant to a Final Order of the Bankruptcy Court.

1.9     Allowed Priority Non-Tax Claim.  Any Claim, other than an Administrative Claim or a Priority Tax Claim, to the extent such Claim is an Allowed Claim and entitled to priority in payment under § 507(a) of the Bankruptcy Code, including, without limitation, a Claim of an employee of the Debtor for wages, salaries or commissions (i) up to $10,950 per employee; and (ii) earned within 180 days prior to the Petition Date.

1.10     Allowed Priority Tax Claim.  Any Claim, to the extent such Claim is an Allowed Claim and entitled to priority in payment under § 507(a)(8) of the Bankruptcy Code.

1.11     Allowed Secured Claim.  A Secured Claim of a creditor to the extent such Claim is an Allowed Claim, and the Lien securing such Claim has not become an Avoided Lien.

1.12     Allowed Subordinated Claim.  A Subordinated Claim to the extent it is or becomes an Allowed Claim.

1.13     Allowed Subordinated Securities Claim.  A Subordinated Securities Claim to the extent it becomes an Allowed Claim.

1.14     Allowed Unsecured Claim.  An Unsecured Claim to the extent it is or becomes an Allowed Claim.

1.15     Available Cash.  All of the Debtor's Cash on the Effective Date less (i) amounts distributed under this Plan on account of Allowed Secured Claims, Allowed Administrative Claims, Allowed Priority Tax Claims and Allowed Priority Non-Tax Claims; (ii) amounts

reserved on account of Disputed Claims (other than disputed General Unsecured Claims); (iii) amounts reasonably reserved for pending Administrative Claims; (iv) amounts reasonably required by the Plan Agent to retain Professionals post-confirmation; and (v) amounts reasonably required by the Plan Agent to complete his administration of this Chapter 11 Case, including the prosecution of claims and causes of action owned by the Estate.

1.16    Avoidance Action.  Any and all rights, claims and causes of action arising under any provision of chapter 5 of the Bankruptcy Code.

1.17    Avoided Lien.  A Lien to the extent it has been set aside, invalidated, or otherwise avoided pursuant to an Avoidance Action.

1.18    Bankruptcy Code.  Title 11 of the United States Code, as in effect on the Confirmation Date.

1.19    Bankruptcy Court.  The unit of the United States District Court for the Southern District of Texas, Houston Division, having jurisdiction over this Chapter 11 Case, or in the event such Court ceases to exercise jurisdiction over the Chapter 11 Case, such court or adjunct thereof that exercises jurisdiction over the Chapter 11 Case in lieu of the United States Bankruptcy Court for the Southern District of Texas, Houston Division, and any appellate or other court that is competent to exercise jurisdiction over the confirmation of this Plan.

1.20    Bankruptcy Rules.  The Federal Rules of Bankruptcy Procedure, as amended, and the Bankruptcy Local Rules for the Southern District of Texas, as applicable to this Chapter 11 Case, each as in effect on the date of the event described herein.

1.21    Bar Date.  September 29, 2008 as established by the Bankruptcy Court.

1.22    Business Day.  Any day other than a Saturday, Sunday or any other day on which commercial banks in Houston, Texas are required or authorized to close by law or executive order.

1.23    Cash.  Legal tender of the United States of America, denominated in U.S. dollars, and equivalents thereof.

1.24    Cause of Action.  Any Claim or cause of action, legal or equitable, now owned or hereafter acquired by the Debtor or the Liquidating Debtor, whether arising under contract, tort or federal or state law, including but not limited to Avoidance Actions, whether commenced prior or subsequent to the Petition Date.

1.25    Chapter 11 Case.  This case, no. 08-32590-H2-11, filed under chapter 11 of the Bankruptcy Code by the Debtor and pending before the Bankruptcy Court.

1.26    Claim.  Any (i) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) right to an equitable remedy for breach of

performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.27    Claimant.  A person asserting a Claim against the Debtor, the Debtor's property, or the Estate.

1.28    Collateral.  Any property or interest in property of the Estate subject to a Lien that is not subject to avoidance under the Bankruptcy Code or otherwise invalid under the Bankruptcy Code or applicable state law.

1.29    Committee.  The Official Committee of Unsecured Creditors appointed in this Chapter 11 Case.

1.30    Confirmation Date.  The date upon which the Bankruptcy Court enters the Confirmation Order; provided however, that if the Confirmation Order or the consummation of the Plan is stayed pending appeal, then the Confirmation Date shall be the entry date of a Final Order vacating such stay or the date on which such stay expires and is no longer in effect.

1.31    Confirmation Hearing.  The hearing to be conducted by the Bankruptcy Court to determine whether to approve the Plan.

1.32    Confirmation Order.  The Order of the Bankruptcy Court approving and confirming the Plan in accordance with the provisions of chapter 11 of the Bankruptcy Code.

1.33    Creditor.  Any person that holds a Claim against the Debtor that arose or is deemed to have arisen on or before the Petition Date, including an Allowed Claim against the Debtor's Estate of a kind specified in §§ 502(g), 502(h) or 502(i) of the Bankruptcy Code.

1.34    Debtor.  Superior Offshore International, Inc.

1.35    Debtor in Possession.  The Debtor in its capacity as a debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

1.36    Deficiency Claim.  The amount by which an Allowed Secured Claim exceeds the value of any Collateral securing such Claim as may be determined by the Bankruptcy Court in accordance with § 506(a) of the Bankruptcy Code.  A Deficiency Claim is a General Unsecured Claim.

1.37    Disclosure Statement.  The Disclosure Statement with respect to this Plan, including all exhibits and schedules thereto, filed by the Debtor and approved by the Court pursuant to § 1125 of the Bankruptcy Code, as may be amended or supplemented.

1.38    Disputed Claim.  A Claim against the Debtor as to which an objection has been filed on or before the deadline for objecting to a Claim and which objection has not been withdrawn, settled or otherwise resolved by Final Order.

1.39 Disputed Claims Reserve. A reserve to be held in trust for the benefit of holders of Disputed Claims and Disputed Interests in accordance with the provisions of the Plan.

1.40 Disputed Interest. An Equity Interest in the Debtor as to which an objection has been filed on or before the deadline for objecting to an Equity Interest and which objection has not been withdrawn, settled or otherwise resolved by Final Order.

1.41 Distribution. The Cash and other property required by the Plan to be distributed to the holders of Allowed Claims and Allowed Interests.

1.42 Effective Date. The tenth Business Day following the date on which the Confirmation Order is entered, provided that no stay of the Confirmation Order is entered. If a stay is entered, the Effective Date shall be the first Business Day after such stay expires or is otherwise terminated, or the tenth Business Day following the date on which the Confirmation Order is entered, whichever is later. The Effective Date may be extended by the Debtor in its sole discretion.

1.43 Equity Interest or Interest. Equity Interest or Interest shall have the meaning ascribed to "equity security" in § 101(16) of the Bankruptcy Code.

1.44 Equity Interest Holder or Interest Holder. Equity Interest Holder or Interest Holder shall have the meaning ascribed to "equity security holder" in § 101(17) of the Bankruptcy Code.

1.45 Equity Interest Record Date. The Effective Date, unless otherwise ordered by the Bankruptcy Court, which shall serve as the record date for purposes of Distributions to Allowed Interests and Allowed Subordinated Interests under the Plan.

1.46 Estate. The estate created upon the filing of the Chapter 11 Case pursuant to § 541 of the Bankruptcy Code, together with all rights, claims and interests pertaining thereto.

1.47 Final Distribution. The final Distribution made pursuant to the terms of the Plan.

1.48 Final Order. An order or judgment which has not been reversed, vacated or stayed and as to which (a) the time to appeal, petition for *certiorari* or move for new trial, re-argument or rehearing has expired and to which no appeal, petition for *certiorari* or other proceedings for a new trial, re-argument or rehearing shall then be pending, or (b) if an appeal, writ of *certiorari*, new trial, re-argument or rehearing thereof has been sought, such order or judgment of the Bankruptcy Court shall have been affirmed by the highest court to which such order was appealed, or *certiorari* shall have been denied or a new trial, re-argument or rehearing shall have been denied or resulted in no modification of such order, and the time to take any further appeal, petition for *certiorari* or move for a new trial, re-argument or rehearing shall have expired.

1.49    <u>General Unsecured Claim</u>.    A Claim other than a Secured Claim, an Administrative Claim, a Priority Claim, a Subordinated Claim or a Subordinated Securities Claim.

1.50    <u>Governmental Unit</u>.    The term Governmental Unit shall have the meaning assigned in the Bankruptcy Code.

1.51    <u>Initial Distribution Date</u>.    The date that is the earlier of (i) 60 days following the Effective Date; (ii) such other date as ordered by the Bankruptcy Court; or (iii) such date as determined by the Liquidating Debtor.    It is the intention of the proponents to effect the maximum reasonable level of Distributions to holders of Allowed General Unsecured Claims as quickly as possible.

1.52    <u>Interest Holder</u>.    Any holder or owner of an Equity Interest on the Equity Interest Record Date.

1.53    <u>Lien</u>.    A charge against or interest in property to secure payment of a debt or performance of an obligation which has not been avoided or invalidated under any provision of the Bankruptcy Code or other applicable law.

1.54    <u>Liquidating Debtor</u>.    As of the Effective Date of the Plan, the Debtor as reorganized under the terms of this Plan.

1.55    <u>Payment Date</u>.    The date with respect to a particular Allowed Claim which is the later of (i) the Initial Distribution Date; (ii) 10 days following the date on which a Claim becomes an Allowed Claim; or (iii) such other date as ordered by the Bankruptcy Court.

1.56    <u>Person</u>.    An individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated association or organization, a governmental unit (as that term is defined in the Bankruptcy Code) or any agency or subdivision thereof or any other entity.

1.57    <u>Petition Date</u>.    April 24, 2008, the date on which the Debtor filed its voluntary chapter 11 petition commencing this Chapter 11 Case.

1.58    <u>Plan</u>.    This Joint Chapter 11 Plan of Liquidation, as it may be amended or modified from time to time.

1.59    <u>Plan Agent</u>.    H. Malcolm Lovett, Jr., or any successor Plan Agent appointed pursuant to the terms of this Plan or such other person as appointed by the Bankruptcy Court.

1.60    <u>Plan Agent Recovery</u>.    Any recovery made by the Plan Agent.    The Plan Agent shall have authority to pursue all Claims and Causes of Action to liquidate all assets held or recovered by the Estate, including Avoidance Actions.

1.61   <u>Plan Ballot</u>. The form of ballot that the Debtor will transmit to Creditors and Interest Holders who are, or may be, entitled to vote on the Plan.

1.62   <u>Plan Documents</u>. Any and all documents contemplated to be executed in connection with this Plan.

1.63   <u>Plan Rate</u>. The rate of interest, if any, that will be paid on Claims but only to the extent that this Plan specifies that interest should be paid on such Claims. For all non-tax claims, the Plan Rate shall be 8% compounded annually. The Plan Rate for tax claims shall be the applicable non-bankruptcy statutory rate determined as of the calendar month in which the Confirmation Order is entered.

1.64   <u>Priority Claim</u>. Any Claim to the extent entitled to priority in payment under § 507(a) of the Bankruptcy Code.

1.65   <u>Priority Non-Tax Claim</u>. Any Claim (other than an Administrative Claim or a Priority Tax Claim) to the extent entitled to priority in payment under § 507(a) of the Bankruptcy Code including, but not limited to, (i) Claims of an employee of the Debtor for wages, salaries, or commissions, including vacation, severance or sick leave pay, earned within one hundred and eighty (180) days prior to the Petition Date (to the extent of $10,950 per employee) as set forth in § 507(a)(4) of the Bankruptcy Code; (ii) Claims for contribution to an employee benefit plan as set forth in § 507(a)(5) of the Bankruptcy Code; (iii) Claims for deposits of up to $2,425 placed by consumers with a Debtor as set forth in § 507(a)(7) of the Bankruptcy Code; (iv) Claims based upon any commitment by the Debtor to a Federal depository institutions regulatory agency to maintain the capital of an insured depository institution as set forth in § 507(a)(9); and (v) Claims for death or personal injury resulting from the operation of a motor vehicle or vessel if such operation was unlawful because the Debtor was intoxicated from using alcohol, a drug or another substance as set forth in § 507(a)(10).

1.66   <u>Priority Tax Claim</u>. Any Claim entitled to priority in payment under § 507(a)(8) of the Bankruptcy Code.

1.67   <u>Professional Fee Claims</u>. Administrative Claims for Professional Fees from the Petition Date through the Effective Date, as well as fees, expenses and other reimbursable costs incurred after the Effective Date in connection with the preparation and filing of fee applications with the Bankruptcy Court in respect of Professional Fee Claims.

1.68   <u>Professional Fees</u>. All fees, costs and expenses incurred in this Chapter 11 Case by any professional person (within the meaning of §§ 327, 328 or 1103 of the Bankruptcy Code or otherwise) and awarded by Final Order of the Bankruptcy Court pursuant to §§ 330 or 503(b) or any other provision of the Bankruptcy Code and any professional fees, costs and expenses which have been allowed pursuant to this Plan or by Final Order of the Bankruptcy Court.

1.69   <u>Professionals</u>. Any Court-approved professional Person, including lawyers, accountants, financial advisors, investment bankers and restructuring advisors, employed by the

Debtor, the Committee or the Official Committee of Equity Security Holders in the Chapter 11 Cases at any time before the Effective Date.

1.70   Pro Rata.  The proportion that the dollar amount of an Allowed Claim or Allowed Interest in a Class bears to the aggregate amount of all Allowed Claims or Allowed Interests in such Class.

1.71   Rights of Action.  Includes (a) any avoidance, recovery, subordination or other action of the Debtor, the Estate or the Liquidating Debtor, (b) any Cause of Action of the Debtor, the Estate or the Liquidating Debtor, (c) any objection or other challenge to a Claim, and (d) any objection or other challenge to an Interest.

1.72   Schedules.  The Debtor's Schedules of Assets and Liabilities, as may be amended or supplemented, and filed with the Bankruptcy Court in accordance with § 521(a)(1) of the Bankruptcy Code.

1.73   Secured Claim.  A Claim to the extent of the value, as may be determined by the Bankruptcy Court pursuant to § 506(a) of the Bankruptcy Code, of any interest in property of the Debtor's estate securing such Claim, or any Claim to the extent that it is subject to setoff under § 553 of the Bankruptcy Code.  To the extent that the value of such interest is less than the amount of the Claim which has the benefit of such security, such Claim is a Deficiency Claim. Notwithstanding anything to the contrary herein, Priority Tax Claims which are secured by a statutory lien on real property are Priority Claims.

1.74   Securities Litigation.  Any and all securities litigation, in which the Debtor is a defendant, pending as of the Confirmation Date, including the federal securities litigation styled *In re: Superior Offshore International, Inc. Securities Litigation*, Civil Action No. 08-cv-00687, pending in the United States District Court, Southern District of Texas.

1.75   Subordinated Claim.  An Unsecured Claim that is subordinated pursuant to 11 U.S.C. § 510 or other applicable non-bankruptcy law and is not a Subordinated Securities Claim.

1.76   Subordinated Securities Claim.  An Unsecured Claim that arises out of or relates to the ownership or purchase of an Equity Interest, including (i) any claims arising out of or relating to the sale, issuance or distribution of the Equity Interest, that is subordinated pursuant to 11 U.S.C. § 510(b); and (ii) any claims arising out of or related to stock options and/or warrants for the Debtor's common stock that were not exercised as of the Equity Interest Record Date.

1.77   Subordinated Interest.  An Interest that is subordinated under § 510 of the Bankruptcy Code or other applicable non-bankruptcy law pursuant to a Final Order.

1.78   Unsecured Claim.  A Claim not secured by a charge, mortgage or lien against or interest in property of the Estate, including but not limited to any Deficiency Claim and any claim for damages resulting from the rejection of an executory contract or lease.

## Article 2
## RULES OF CONSTRUCTION

Unless otherwise specified, all section, article, schedule or exhibit references in this Plan are to the respective section in, article of, or schedule or exhibit to, this Plan, as same may be amended, waived, or modified from time to time. The schedules and exhibits to this Plan are hereby incorporated herein by reference as if fully set forth herein. Except as otherwise expressly provided herein, a term used herein that is not defined herein shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules. The words "herein," "hereof" and "hereunder" and other words of similar import refer to this Plan as a whole and not to any particular section, subsection or clause contained in this Plan, unless the context requires otherwise. Whenever from the context it appears appropriate, each term stated in either the singular or the plural includes the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender include the masculine, feminine and the neuter. The article headings contained in the Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of the Plan.

The rules of construction contained in § 102 of the Bankruptcy Code shall apply to the construction of this Plan, except for § 102(5) of the Bankruptcy Code. The headings in this Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.

## Article 3
## CLASSIFICATION OF CLAIMS AND INTERESTS

The Claims against and Interests in the Debtor are classified as set forth in this Article.

3.1     <u>Class 1 – Administrative Claims</u>.  Class 1 is comprised of all Allowed Administrative Claims against the Debtor.

3.2     <u>Class 2 – Priority Tax Claims</u>.  Class 2 is comprised of all Allowed Priority Tax Claims against the Debtor.

3.3     <u>Class 3 – Priority Non-Tax Claims</u>.  Class 3 is comprised of all Allowed Priority Non-Tax Claims against the Debtor.

3.4     <u>Class 4 – Secured Claims</u>.  Class 4 is comprised of all Allowed Secured Claims against the Debtor.

3.5     <u>Class 5 – General Unsecured Claims</u>.  Class 5 is comprised of all Allowed General Unsecured Claims against the Debtor.

3.6     <u>Class 6 – Subordinated Claims</u>.  Class 6 is comprised of all Allowed Subordinated Claims against the Debtor.

    3.7    <u>Class 7 – Subordinated Securities Claims</u>.  Class 7 is comprised of all Allowed Subordinated Securities Claims against the Debtor.

    3.8    <u>Class 8 – Interests.</u>  Class 8 is comprised of all Allowed Equity Interests in the Debtor.

    3.9    <u>Class 9 – Subordinated Interests.</u>  Class 9 is comprised of all Allowed Subordinated Equity Interests in the Debtor.

## Article 4
## IMPAIRMENT OF CLAIMS AND RESOLUTION OF CLAIM CONTROVERSIES

    4.1    <u>Impaired Classes</u>.  Only holders of Claims that are in impaired Classes may vote on this proposed Plan.  The following Classes of Claims and Interests are impaired under this Plan:

        4.1.1    Class 4 – Secured Claims.
        4.1.2    Class 5 – General Unsecured Claims.
        4.1.3    Class 6 – Subordinated Claims.
        4.1.4    Class 7 – Subordinated Securities Claims.
        4.1.5    Class 8 – Interests.
        4.1.6    Class 9 – Subordinated Interests.

    4.2    <u>Unimpaired Classes</u>.  Holders of Claims that are in unimpaired Classes are deemed to have accepted the Plan and are not entitled to vote on this proposed Plan.  The following Classes of Claims are not impaired under this Plan:

        4.2.1    Class 1 – Administrative Claims.
        4.2.2    Class 2 – Priority Tax Claims.
        4.2.3    Class 3 – Priority Non-Tax Claims.

    4.3    <u>Controversy Concerning Classification, Impairment or Voting Rights</u>.  In the event a controversy or dispute should arise involving issues related to the classification, impairment or voting rights of any Creditor or Interest Holder under the Plan, prior to the Confirmation Date, the Bankruptcy Court may, after notice and a hearing, determine such controversy.  Without limiting the foregoing, the Bankruptcy Court may estimate for voting purposes the amount of any contingent or unliquidated Claim the fixing or liquidation of, as the case may be, would unduly delay the administration of the Chapter 11 Case.  In addition, the Bankruptcy Court may in accordance with § 506(b) of the Bankruptcy Code conduct valuation hearings to determine the Allowed Amount of any Secured Claim.

## Article 5
## TREATMENT OF IMPAIRED CLAIMS

    5.1    <u>Class 4 – Secured Claims</u>.  In the sole discretion of the Plan Agent, the holder of an Allowed Class 4 Claim shall receive either (i) the proceeds of the Collateral securing such

Claimant's Allowed Secured Claim after satisfaction in full of all superior liens up to the Allowed Amount of the Claimant's Class 4 Claim; or (ii) the Collateral securing such Claimant's Allowed Secured Claim in full and final satisfaction of such claim.

    5.2    <u>Class 5 – General Unsecured Claims</u>.  Holders of Allowed General Unsecured Claims shall receive a Pro Rata share of Distributions from Available Cash and any Plan Agent Recovery up to the Allowed Amount of such Class 5 Claim as follows:

        5.2.1    The Plan Agent shall distribute Available Cash to holders of Allowed Class 5 Claims and/or the Disputed Claims Reserve pursuant to Articles 8.4 and 8.5 herein, if applicable, on the Initial Distribution Date.  The Plan Agent shall make additional future distributions to holders of Allowed Class 5 Claims from Available Cash and the Plan Agent Recovery as the Plan Agent determines appropriate.  In the event that all Allowed Class 5 Claims are paid in full and there exists remaining Available Cash and/or Plan Agent Recovery, holders of Allowed Class 5 Claims shall receive interest from the date that interest began to accrue under applicable non-bankruptcy law to the Payment Date Pro Rata at the Plan Rate.  Under no circumstances shall Allowed Class 5 Claims receive payment for post-petition legal fees and expenses.

        5.2.2    Any Available Cash and/or Plan Agent Recovery remaining after the satisfaction of Allowed Class 5 Claims as set forth above shall be distributed in accordance with Article 5.3 and, if applicable, Articles 5.4 and 5.5 herein.

    5.3    <u>Class 6 – Subordinated Claims</u>.  Each holder of an Allowed Class 6 Subordinated Claim shall receive a Pro Rata share of Available Cash and Plan Agent Recovery up to the Allowed Amount of such Claim after payment in full of all Allowed Class 5 Claims as set forth in Article 5.2 above.  In the event that all Allowed Class 6 Subordinated Claims are paid in full and there exists remaining Available Cash or Plan Agent Recovery, holders of Allowed Class 6 Subordinated Claims shall receive interest from the date that interest began to accrue under applicable non-bankruptcy law to the Payment Date Pro Rata at the Plan Rate.  Any Available Cash or Plan Agent Recovery remaining after the satisfaction of Allowed Class 6 Subordinated Claims as set forth above shall be distributed in accordance with Articles 5.4 and 5.5 herein.

    5.4    <u>Class 7 – Subordinated Securities Claims</u>.  Each holder of an Allowed Class 7 Subordinated Securities Claim shall look first to the proceeds of the Debtor's available insurance policies for satisfaction of its Claim to the extent that such Claim is covered by insurance.  Any remaining unpaid Allowed Class 7 Subordinated Securities Claim shall receive a Pro-Rata share, in accordance with procedures that shall be established by further order of the Bankruptcy Court upon motion of the Post-Confirmation Equity Subcommittee, with all Allowed Class 8 Interests of all remaining Available Cash and Plan Agent Recovery after payment in full, with interest as provided herein, of all Class 1, 2, 3, 4, 5 and 6 Claims.

    5.5    <u>Class 8 – Interests</u>.  All Equity Interests shall be canceled as of the Effective Date. Holders of Allowed Equity Interests shall receive a Pro-Rata share with all Allowed Class 7 Claims remaining after application of any available insurance proceeds of all remaining Available Cash and Plan Agent Recovery after payment in full, with interest as provided herein,

of all Class 1, 2, 3, 4, 5 and 6 Claims. The Post-Confirmation Equity Subcommittee will file a motion with the Bankruptcy Court seeking to establish distribution procedures and rights relative to Class 7 Claims and Class 8 Interests.

5.6     Class 9 – Subordinated Interests.  All Subordinated Interests shall be canceled as of the Effective Date and shall receive no Distributions.

## Article 6
## TREATMENT OF UNIMPAIRED CLAIMS

6.1     Class 1 – Administrative Claims.  Allowed Class 1 Claims shall be paid in cash and in full on the later of (i) the Effective Date, (ii) the date on which such Claim becomes an Allowed Claim; or (iii) such date as the Liquidating Debtor/Plan Agent and the holder of the Allowed Class 1 Claim shall agree.

6.2     Class 2 – Priority Tax Claims.  Allowed Class 2 Claims shall be paid in cash and in full on the later of (i) the Effective Date, (ii) the date on which such Claim becomes an Allowed Claim; or (iii) such date as the Liquidating Debtor/Plan Agent and the holder of the Allowed Class 2 Claim shall agree.

6.3     Class 3 – Priority Non-Tax Claims.  Allowed Class 3 Claims shall be paid in cash and in full on the later of (i) the Effective Date, (ii) the date on which such Claim becomes an Allowed Claim; or (iii) such date as the Liquidating Debtor/Plan Agent and the holder of the Allowed Class 3 Claim shall agree.

## Article 7
## MEANS OF IMPLEMENTATION

7.1     Vesting of Property of the Estate in the Liquidating Debtor.  On the Effective Date, all remaining property of the Debtor and of the Estate including all rights to object to Claims, all avoidance actions, causes of action, alter-ego rights, derivative claims, breach of fiduciary duty claims, veil piercing rights, the right to pursue such claims and all other remaining property of the estate as defined in § 541 of the Bankruptcy Code, shall vest in the Liquidating Debtor, free and clear of liens, claims and encumbrances, except as otherwise provided in the Plan.  The Plan Agent shall be the sole officer, director and shareholder of the Liquidating Debtor.  On the Effective Date, the Liquidating Debtor is deemed to have satisfied all liabilities for purposes of dissolution under applicable state law.  The Plan Agent is authorized to execute and file all documents necessary to effectuate the dissolution of the Liquidating Debtor.

7.2     Continuation of Operations.  From and after the Effective Date of the Plan, the Liquidating Debtor is authorized to (i) take such action as is necessary to complete an orderly wind-down of its operations, including completing all audits by the IRS; (ii) file claim objections; (iii) make distributions; (iv) prosecute causes of action owned by the Estate, including all claims and causes of action arising under the Bankruptcy Code; (v) pursue, liquidate and administer Estate property; (vi) file tax returns; and (vii) take such other action as provided for under the Plan.

7.3     <u>General Powers of the Liquidating Debtor</u>.    In addition to the authorization provided under Article 7.2, the Liquidating Debtor shall have all of the rights, powers and privileges set forth in this Plan, the Confirmation Order or applicable corporate law.    The Liquidating Debtor is authorized and shall have the obligation to take all such actions as in its judgment are necessary and appropriate to effectuate the purposes of the Plan, including but not limited to the following:

       7.3.1     Make all distributions contemplated under the Plan;

       7.3.2     Consistent with maintaining the value and liquidating the residual assets of the Liquidating Debtor, invest in time or demand deposits, including certificates of deposit issued by any bank approved as a depository institution by the United States Trustee's office, United States Treasury bonds and other securities guaranteed by the full faith and credit of the United States of America or any agency thereof;

       7.3.3     Supervise and administer the resolution, settlement and payment of Claims and Interests and the distributions to the holders of Allowed Claims and Allowed Interests in accordance with this Plan;

       7.3.4     Enter into any agreement required by or consistent with the Plan and perform all of the Liquidating Debtor's obligations thereunder;

       7.3.5     Abandon any of the assets of the Liquidating Debtor if they conclude that such assets are of no benefit to the Creditors or Interest Holders;

       7.3.6     Participate in or initiate any proceeding before the Bankruptcy Court or any other court of appropriate jurisdiction and participate as a party or otherwise in any administrative, arbitrative or other non-judicial proceeding and litigate claims on behalf of the Liquidating Debtor, including without limitation all Avoidance Actions and all state and federal causes of action or any other litigation which constitute an asset of the Liquidating Debtor and pursue to settlement or judgment such actions;

       7.3.7     Participate as a party-in-interest in any proceeding before the United States Bankruptcy Court involving the Chapter 11 Case;

       7.3.8     Act in the name of or in the place of the Debtor in any action before the United States Bankruptcy Court or any other judicial or administrative body;

       7.3.9     Take actions and exercise remedies against any entity that owes money to the Liquidating Debtor, including without limitation, the remedies available under any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; make compromises regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document; and, declare or waive defaults regarding any deed of trust, security agreement, promissory note, bond, guarantee or other instrument or document;

7.3.10    Select and employ such professionals, agents or employees as they deem necessary to assist in the administration of the affairs of the Liquidating Debtor and compensate such persons;

7.3.11    Hold any unclaimed distribution or payment to the holder of an Allowed Claim in accordance with this Plan;

7.3.12    Propose any amendment, modification or supplement to this Plan or the Liquidating Debtor's corporate governance documents;

7.3.13    File dissolution documents with the appropriate governmental agencies to dissolve the Liquidating Debtor once all Distributions have been made pursuant to the Plan;

7.3.14    Receive, conserve and manage the assets of the Liquidating Debtor and sell or otherwise dispose of such assets for a price and upon such terms and conditions as they deem most beneficial to the Creditors and Interest Holders and execute such deeds, bills of sale, assignments and other instruments in connection therewith;

7.3.15    Open and maintain bank accounts on behalf of or in the name of the Liquidating Debtor;

7.3.16    Pay all taxes, make all tax withholdings and file tax returns and tax information returns and make tax elections by and on behalf of the Liquidating Debtor;

7.3.17    Pay all lawful expenses, debts, charges and liabilities of the Liquidating Debtor;

7.3.18    Enforce all provisions of this Plan;

7.3.19    Protect, perfect and defend the title to any of the assets of the Liquidating Debtor and enforce any bonds, mortgages or other obligations or liens owned by the Liquidating Debtor;

7.3.20    Carry insurance coverage, including insurance to protect the Plan Agent and the Post-Confirmation Committee against claims brought against the Plan Agent and the Post-Confirmation Committee acting within their capacities with the Liquidating Debtor, in such amounts as they deem advisable;

7.3.21    Establish such reserves for taxes, assessments and other expenses of administration of the Liquidating Debtor (including without limitation the Disputed Claims Reserve) as may be necessary and appropriate for the proper operation of matters incident to the affairs of the Liquidating Debtor; and

7.3.22    Exercise such other powers and duties as are necessary or appropriate in their discretion to accomplish the purposes of this Plan.

7.3.23    In the event that the Post-Confirmation Committee makes a written request to the Plan Agent that the Plan Agent take some action contemplated in this section, and the Plan Agent either fails or refuses to take such action within 15 days of such request, the Post-Confirmation Committee may seek authority from the Bankruptcy Court to take such action on behalf of the Liquidating Debtor. Any party may object to any such request.

7.4    <u>Limitations on the Powers of the Liquidating Debtor</u>.  Notwithstanding anything in this Plan to the contrary, and only with a Bankruptcy Court Order entered after notice and opportunity for hearing, may the Liquidating Debtor modify or amend this Plan, except in the manner set forth herein.

7.5    <u>The Committees</u>.  The Committee and the Official Committee of Equity Security Holders shall continue in existence until the Effective Date at which time both committees shall be terminated.  On the Effective Date, a Post-Confirmation Committee shall be formed.  The Post-Confirmation Committee shall be comprised of (i) 3 members designated by the Committee at least 3 days prior to the commencement of the Confirmation Hearing, and (ii) 2 members designated by the Official Committee of Equity Security Holders at least 3 days prior to the commencement of the Confirmation Hearing (the "Post-Confirmation Equity Subcommittee"). In the event of death or resignation of any member of the Post-Confirmation Committee, (i) the remaining members of the Post-Confirmation Committee appointed by the Committee shall have the right to designate a successor, if the member being replaced was designated by the Committee; or (ii) the remaining members of the Post-Confirmation Equity Subcommittee shall have the right to designate a successor if the member being replaced was designated by the Official Committee of Equity Security Holders.  If a Post-Confirmation Committee member assigns its Claim or Interest or releases the Debtors from payment of its Claim or Interest, such act shall constitute a resignation from the Post-Confirmation Committee.  Until a vacancy on the Post-Confirmation Committee is filled, the Post-Confirmation Committee shall function in its reduced number.  If and when all Class 5 Claims have either (i) been allowed and paid, including interest, if applicable, or (ii) disallowed by Final Order (the "Post-Confirmation Committee Change of Control Date"), the Post-Confirmation Committee shall be reconstituted so that any members designated by the Committee shall be removed from the Post-Confirmation Committee and the Post-Confirmation Equity Subcommittee may designate one additional member in its sole discretion.  Upon Final Distribution, the Post-Confirmation Committee shall be dissolved and the members thereof shall be released and discharged of and from all further authority, duties, responsibilities and obligations related to and arising from their service as Post-Confirmation Committee members.

7.6    <u>The Post-Confirmation Committee</u>.  The members of the Post-Confirmation Committee shall undertake their duties as specified in the Plan.  In serving as a member of the Post-Confirmation Committee, such members shall not assume or be deemed to have assumed any liability to Creditors, Interest Holders, the Debtor, the Liquidating Debtor, the Plan Agent, or any other parties in interest in the Case and shall not be liable for any acts or omissions while

acting in that capacity, except for bad faith and acts or omissions constituting malfeasance or gross negligence. The Post-Confirmation Committee shall have the right to retain counsel or other professionals, who shall be paid their reasonable fees and expenses by the Liquidating Debtor. The Bankruptcy Court shall retain jurisdiction to hear any disputes relating to the fees and expenses of the Post-Confirmation Committee's professionals, which disputes, if any, shall be resolved by the Bankruptcy Court after notice and hearing.

      7.7   <u>Resignation/Removal of the Plan Agent</u>. The Plan Agent may resign at any time by filing a written notice of resignation with the Bankruptcy Court. Any such resignation shall become effective on the earlier to occur of (i) sixty (60) days after the filing date of such notice; or (ii) the appointment of a successor Plan Agent. The Plan Agent (including any successor Plan Agent) may be removed at any time, with or without cause, by the Bankruptcy Court. Any party-in-interest may apply to the Bankruptcy Court for an order removing the Plan Agent. Following such time as the all members designated by the Committee are removed from the Post-Confirmation Committee, the Post-Confirmation Equity Subcommittee may remove the Plan Agent, which removal shall be immediately effective.

      7.8   <u>Appointment of Successor Plan Agent</u>. In the event of the death, resignation or removal (prospective or otherwise) of the Plan Agent, the Post-Confirmation Committee shall designate a successor Plan Agent. Any successor Plan Agent appointed hereunder shall execute and file a statement accepting such appointment and agreeing to be bound by the terms of the Plan and upon such filing, the successor Plan Agent shall immediately become vested with all the rights, powers, trusts and duties of the Plan Agent.

      7.9   <u>Rights and Duties of the Post-Confirmation Committee</u>. The Post-Confirmation Committee shall:

      7.9.1   have the right to review and object to settlements and proposed releases or abandonment of objections to Claims, Claims or Causes of Action by the Liquidating Debtor in accordance with this Plan. The Post-Confirmation Equity Subcommittee shall have the right to separate counsel of its choice; provided that payment (but not accrual) of the fees and expenses of the Post-Confirmation Equity Committee's separate counsel shall be limited to $175,000 until such time as all Class 5 Claims have either (i) been allowed and paid, including interest, if applicable, or (ii) disallowed by Final Order.

      7.9.2   be vested with authority to petition the Bankruptcy Court for removal of the Plan Agent, or any successor Plan Agent, appointed pursuant to this Plan.

      7.9.3   perform such additional functions as may be agreed to by the Liquidating Debtor, are provided for in the Confirmation Order, or are provided for by further Order of the Court entered after the Effective Date.

      7.10   <u>Additional Rights and Duties of the Post-Confirmation Equity Subcommittee</u>. The Post-Confirmation Equity Subcommittee shall have the right to review, prosecute and settle all claims and Causes of Action against the Debtor's former officers and directors for actions occurring prior to the Petition Date, including but not limited to all derivative claims (including

but not limited to *Barbara Fontenelle, derivatively on behalf of Nominal Defendant Superior Offshore International, Inc.*, Cause No. 2008-16760, filed in the 234th Judicial District of Harris County, Texas and *Gary Pearlman, derivatively on behalf of Nominal Defendant Superior Offshore International, Inc.*, Civil Action No. H-08-0740, filed in the Southern District of Texas, Houston Division). Any recovery shall be delivered to the Plan Agent to be distributed in accordance with the Plan. All claims and Causes of Action may be brought in the name of the Debtor or the Post-Confirmation Equity Subcommittee as the Post-Confirmation Equity Subcommittee determines appropriate in its sole discretion.

7.11    Compensation Procedures. Prior to the Post-Confirmation Committee Change of Control Date, the Plan Agent, the Post-Confirmation Committee, the Post-Confirmation Equity Subcommittee and all professionals employed by them shall be entitled to payment of their fees and reimbursement of all reasonable expenses on a monthly basis pursuant to the terms of the Fee Procedure Order, provided, however, that no professional shall be required to provide notice of the monthly fee statements to the Office of the United States Trustee, the payment due upon invoices shall be of 100% of fees and expenses, and paragraphs (e) and (f) of the Fee Procedure Order shall not apply. From and after the Post-Confirmation Committee Change of Control Date, the Plan Agent, the Post-Confirmation Committee, the Post-Confirmation Equity Subcommittee shall be entitled to payment of their fees and reimbursement of all reasonable expenses on a monthly basis without further notice to or action, order or approval of the Bankruptcy Court.

## Article 8
## CLAIM/INTEREST OBJECTION PROCEDURES, TREATMENT OF
## DISPUTED CLAIMS/INTERESTS AND PROCEDURE FOR ASSERTING CLAIMS

8.1    Objection Process. The Liquidating Debtor/Plan Agent shall have the right to object to the allowance of any Claims or Interests provided for under the Plan. Subject to the preceding sentence, all objections shall be litigated to Final Order; provided, however, that the Liquidating Debtor/Plan Agent shall have the authority to compromise, settle or otherwise resolve all objections, for any Claim filed in the amount of $25,000 or less without approval of the Bankruptcy Court or notice to the Post-Confirmation Committee. For all Claims in excess of $25,000, the Liquidating Debtor/Plan Agent shall provide counsel for the Post-Confirmation Committee with 10 days written notice of any proposed settlement. If no objection is served on the Liquidating Debtor within 10 days of the date of such notice, the Post-Confirmation Committee shall be deemed to have consented to such settlement and the Liquidating Debtor/Plan Agent may settle such Claim without approval of any other person or entity. If the Post-Confirmation Committee objects to any proposed settlement or the Post-Confirmation Committee approves such proposed settlement but the Post-Confirmation Equity Subcommittee unanimously objects to the proposed settlement, the Liquidating Debtor shall bring the matter before the Bankruptcy Court for final resolution after notice and hearing. Unless otherwise ordered by the Bankruptcy Court, the Liquidating Debtor/Plan Agent shall file and serve all objections to Claims and Equity Interests no later than (i) 45 days after the later of the Effective Date or the date on which a proof of claim, proof of interest or request for payment is filed with the Bankruptcy Court or (ii) such other date as may be approved by the Bankruptcy Court after notice and hearing.

8.2     Filing of Claims and Causes of Action.  The Liquidating Debtor/Plan Agent shall have the exclusive right to file and prosecute any Claims and Causes of Action on behalf of the Debtor/Liquidating Debtor., including all derivative Causes of Action.   The Liquidating Debtor/Plan Agent shall have the authority to compromise, settle or otherwise resolve all Claims and Causes of Action filed or asserted in the amount of $25,000 or less without approval of the Bankruptcy Court or notice to the Post-Confirmation Committee.  For all Claims and Causes of Action in excess of $25,000, the Liquidating Debtor/Plan Agent shall provide counsel for the Post-Confirmation Committee with 10 days written notice of any proposed settlement.  If no objection is served on the Liquidating Debtor within 10 days of the date of such notice, the Post-Confirmation Committee shall be deemed to have consented to such settlement and the Liquidating Debtor/Plan Agent may settle such Claim or Cause of Action without approval of any other person or entity.   If the Post-Confirmation Committee objects to any proposed settlement or the Post-Confirmation Committee approves such proposed settlement but the Post-Confirmation Equity Subcommittee unanimously objects to the proposed settlement, the Liquidating Debtor shall bring the matter before the Bankruptcy Court for final resolution after notice and hearing.

8.3     Disputed Claims Reserve. A Disputed Claims Reserve shall be established by the Plan Agent for the treatment of Disputed Claims and Disputed Interests.  The Disputed Claims Reserve shall be held in a separate bank account from all other funds held by the Liquidating Debtor/Plan Agent.  The Plan Agent shall deposit into a Disputed Claims Reserve an amount equal to the Pro Rata share of the Distribution allocable to such Disputed Claims and Disputed Interests, in accordance with the distribution scheme contemplated in the Plan, as if such Claims and/or Equity Interests were Allowed Claims or Equity Interests.  Amounts deposited into the Disputed Claims Reserve shall be held in trust for the benefit of the holders of Disputed Claims and Disputed Interests pending a determination of their entitlement thereto under the terms of the Plan.  Once such Disputed Claim is determined by Final Order to be an Allowed Claim, the Plan Agent is authorized to pay the Allowed Amount of such Claim without further approval from or notice to any person or entity.

8.4     Distributions to Holders of Disputed Claims and Disputed Interests.  At such time as a Disputed Claim or Disputed Interest becomes an Allowed Claim or Equity Interest, any Distributions reserved for such Allowed Claim or Equity Interest shall be released from the Disputed Claims Reserve on the Payment Date and delivered to the holder of such Allowed Claim or Equity Interest in an amount proportionate to the Allowed Amount of any such Claim or Equity Interest.  In the event that the Disputed Claim or Disputed Interest is disallowed in whole or in part, or otherwise settled in amount less than the Disputed Claim or Disputed Interest amount, the disallowed or reduced portion of such Claim or Equity Interest shall be distributed from the Disputed Claim Reserve to holders of Allowed Claims or Equity Interests as Available Cash in accordance with the Plan without further approval from or notice to any person or entity.

8.5     Disallowance of Late Filed Proofs of Claim.  Except as otherwise provided in the Plan, any proof of claim filed by the holder of such Claim after the Bar Date is disallowed unless such proof of claim is subsequently determined to be timely filed or otherwise allowed by Final

Order of the Bankruptcy Court issued pursuant to motion of such holder filed no later than thirty 30 days after the Effective Date, after notice and a hearing, finding excusable neglect.

    8.6    <u>Provisions Governing Distributions.</u>

        8.6.1    <u>Record Date for Claims and Equity Interests.</u>  The record date for Distributions to Allowed Claims under this Plan shall be the date the Bankruptcy Court enters its order approving the Disclosure Statement. For purposes of Distributions to holders of Allowed Claims, the Liquidating Debtor/Plan Agent will rely on the claims docket maintained by the Clerk for proofs of claim filed in this Chapter 11 Case except to the extent a notice of transfer of Claim or Interest has been filed with the Court prior to the record date pursuant to Bankruptcy Rule 3001. The record date for Distributions to Allowed Interests under this Plan shall be the Equity Interest Record Date. For purposes of Distributions on account of Equity Interests, the Plan Agent will rely on the relevant stock transfer ledger(s) as of the Equity Interest Record Date.

        8.6.2    <u>Delivery of Distributions to Holders of Allowed Claims.</u>  Subject to Bankruptcy Rule 9010, Distributions to holders of Allowed Claims will be made at the address of each such holder as set forth on the proofs of claim filed by such holders, or at the last known address of such holder if no proof of claim is filed, unless the holder of the Allowed Claim has otherwise notified the Debtor/Liquidating Debtor in writing of a change of address. If any holder's Distribution is returned as undeliverable, no further Distributions to such holder will be made unless and until the Debtor/Liquidating Debtor is notified in writing of such holder's then current address.

        8.6.3    <u>Delivery of Distributions to Holders of Allowed Equity Interests.</u> Distributions to holders of Allowed Equity Interests, to the extent they are entitled to distributions under the Plan, will be made at the address of the registered holder of each such Equity Interest as set forth in the relevant stock transfer ledger(s). If any holder's distribution is returned as undeliverable, no further distributions to such holder will be made unless and until the Debtor/Liquidating Debtor is notified in writing of such holder's then current address.

        8.6.4    <u>Unclaimed Distributions and Uncashed Checks.</u>  The Plan Agent shall file a Notice of Distribution within five Business Days of the date on which Distributions are made under the Plan. All claims for undeliverable Distributions must be made no later than the 90th day following the date that the Notice of Distribution is filed. After such date, all unclaimed Distributions will revert to the Liquidating Debtor for distribution in accordance with this Plan and the Claim or Equity Interest of any holder with respect to such Distribution will be discharged and forever barred. Checks issued in respect of Allowed Claims and/or Equity Interests will be null and void if not negotiated within ninety (90) days after the date of issuance thereof.

**Article 9**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

9.1    <u>Rejection of Executory Contracts and Unexpired Leases</u>.  All executory contracts and leases that are not assumed under this Plan are rejected, unless otherwise dealt with by the Plan or the Confirmation Order, or any other Order of the Court entered prior to the Effective Date, or which is the subject of a motion to assume pending on the Effective Date.

9.2    <u>Claims Based on Rejection of Executory Contracts or Unexpired Leases</u>. Damages arising from the rejection of an executory contract or unexpired lease shall be a General Unsecured Claim against the Debtor unless subordinated under applicable law.  Any Claim for damages arising from the rejection of an executory contract or unexpired lease must be asserted in a proof of claim filed with the Bankruptcy Court no later than 45 days following the earlier of: (a) the date of entry of an order of the Bankruptcy Court approving such rejection, or (b) the Effective Date of the Plan.  Any Claims not filed within such times shall be forever barred from assertion against the Debtor or the Liquidating Debtor.  The Liquidating Debtor shall mail a notice to all known affected parties and shall publish a notice in the Houston Chronicle, the New Orleans Times-Picayune and the Lafayette Daily Advertiser that the Debtor has rejected executory contracts and the deadline for asserting claims.

**Article 10**
**EFFECT OF REJECTION BY**
**ONE OR MORE CLASSES OF CLAIMS**

10.1    <u>Impaired Classes to Vote</u>.  Each impaired class of Claims and Interests shall be entitled to vote separately to accept or reject the Plan.  A holder of a Disputed Claim or Disputed Interest which has not been temporarily allowed for purposes of voting on the Plan may vote only such Disputed Claim or Disputed Interest in an amount equal to the portion, if any, of such Claim or Equity Interest shown as fixed, liquidated and undisputed in the Debtor's Schedules and is not the subject of a subsequently filed objection as to such fixed, liquidated, undisputed amount.

10.2    <u>Acceptance by Class</u>.  A class shall have accepted the Plan if the Plan is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims or Equity Interests of such class that have voted to accept or reject the Plan.

10.3    <u>Reservation of Cramdown Rights</u>.  In the event that any impaired class shall fail to accept this Plan in accordance with § 1129(a) of the Bankruptcy Code, the Chapter 11 Debtor reserves the right to request the Bankruptcy Court to confirm the Plan in accordance with the provisions of § 1129(b) of the Bankruptcy Code.

**Article 11**
**EFFECT OF CONFIRMATION**

11.1    <u>Legally Binding Effect</u>.  The provisions of this Plan shall bind all Creditors and Interest Holders, whether or not they accept this Plan.  On and after the Effective Date, all

holders of Claims shall be precluded and enjoined from asserting any Claim against the Debtor or its assets or properties based on any transaction or other activity of any kind that occurred prior to the Confirmation Date except as permitted under the Plan.

11.2     <u>Limited Discharge of Debtor and Injunction</u>.     The Confirmation Order will operate as a general resolution with prejudice, as of the Effective Date, of all pending legal proceedings, if any, against the Debtor and its assets and properties and any proceedings not yet instituted against the Debtor or its assets and properties, except as otherwise provided in the Plan.  Except as otherwise expressly provided in the Plan or the Confirmation Order, all Persons who have held, hold, or may hold Claims against the Debtor are permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtor or the Liquidating Debtor, or their property, with respect to any such Claim, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order with respect to any such Claim against the Debtor or the Liquidating Debtor, or their property, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor or the Liquidating Debtor, or their property, with respect to such Claim, (d) asserting any right of subrogation of any kind against any obligation due to the Debtor or the Liquidating Debtor, or the property of the Debtor, the Estate or the Liquidating Debtor with respect to any such Claim.  Unless otherwise provided in the Plan or by order of the Bankruptcy Court, all injunctions or automatic stays provided for in this case pursuant to § 105, if any, or § 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date will remain in full force and effect until the Effective Date; and (e) asserting any right of setoff or recoupment against the Debtor, the Estate or the Liquidating Debtor.

11.3     <u>Limited Protection of Certain Parties in Interest</u>.  Neither (a) the Debtor or any of its employees, officers, directors, agents, representatives, affiliates, attorneys, financial advisors, or any other professional persons employed by any the Debtor, their officers, directors, employees and representatives, the Plan Agent or any of his employees, officers, directors, agents, representatives, affiliates, attorneys, financial advisors, or any other professional person employed by it, nor (b) each Professional for the Debtor or any of their employees, officers, directors, agents, representatives, affiliates, attorneys, financial advisors, or any other professional persons employed by any of them, nor (c) the Equity Committee and each of its members, or any of their employees, officers, directors, agents, representatives, affiliates, attorneys, financial advisors, or any other professional persons employed by any of them, nor (d) the Unsecured Creditors' Committee and each of its members or any of their employees, officers, directors, agents, representatives, affiliates, attorneys, financial advisors, or any other professional persons employed by any of them, nor (e) the Post-Confirmation Committee and each of its members or any of their employees, officers, directors, agents, representatives, affiliates, attorneys, financial advisors, or any other professional persons employed by any of them (the persons identified in (a), (b), (c), (d) and (e) are collectively referred to as "Protected Persons"), shall have or incur any liability to any Person or Entity under any theory of liability for any act or omission occurring on or after the Petition Date in connection or related to the Debtor, the Chapter 11 Case, or the Estate, including, but not limited to, (i) formulating, preparing disseminating, implementing, confirming, consummating or administering this Plan (including soliciting acceptances or rejections thereof); or (ii) the disclosure statement or any contract, instrument, release or other agreement or document entered into or any action taken or

omitted to be taken in connection with this Plan, except for acts constituting willful misconduct or gross negligence and in all respects such Protected Persons shall be entitled to rely in good faith upon the advice of counsel. In any action, suit or proceeding by any Person contesting any action by, or non-action of any Protected Person as constituting willful misconduct or gross negligence or not being in good faith, the reasonable attorneys' fees and costs of the prevailing party will be paid by the losing party and as a condition to going forward with such action, suit, or proceeding at the outset thereof, all parties thereto will be required to provide appropriate proof and assurances of their capacity to make such payments of reasonable attorneys' fees and costs in the event they fail to prevail.

    11.4    Indemnification.  The Liquidating Debtor shall indemnify each Person identified as a Protected Person against any and all costs and expenses (including attorneys' fees) incurred by any of them in defending against post-Confirmation Date claims that are based on actions allegedly taken (or not taken) by them in their respective capacities relating to the Debtor, the Liquidating Debtor or this Plan; provided, however, that no Protected Person shall be entitled to indemnification under this Plan for the costs and expenses of defending a cause of action in which it is ultimately judicially determined that such Protected Person was grossly negligent or acted fraudulently or with willful misconduct in performing such Protected Person's duties hereunder or under any Final Order of the Bankruptcy Court or applicable law. Any Protected Person entitled to indemnification under this section shall have a priority distribution right that is senior to the holders of Allowed Claims in Class 3, Class 4, Class 5, Class 6, Class 7, Class 8 or Class 9. The Plan Agent may use Liquidating Debtor Assets (as an expense of consummating this Plan) to purchase indemnification insurance to satisfy any potential indemnification claims that may arise under this section.

    11.5    Continuation of Anti-Discrimination Provisions of Bankruptcy Code.  A Governmental Unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, or discriminate with respect to such a grant against, the Debtor, the Liquidating Debtor, the Plan Agent or another Person with whom the Debtor has been or is associated or affiliated, solely because of the commencement, continuation, or termination of the case or because of any provision of the Plan or the legal effect of the Plan, and the Confirmation Order will constitute an express injunction against any such discriminatory treatment by a Governmental Unit. Moreover, a Governmental Unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to the Debtor or the Liquidating Debtor based upon any requirement that the Debtor or the Liquidating Debtor place a bond or other surety obligation with such governmental unit as a condition of receipt of such a license, permit, charter, franchise, or other similar grant to the Debtor or the Liquidating Debtor. All licenses, permits, charters, franchises, or other similar grants to the Debtor or the Liquidating Debtor are hereby transferred and assigned on the Effective Date (which transfer and assignment is without the assumption of any liabilities arising prior to the Effective Date which liabilities arise out of such license, permit, charter, franchise or similar grant) to the Liquidating Debtor without the need for further application or approval by any Governmental Unit.

    11.6    Preservation of Claims and Rights.  Confirmation of this Plan effects no settlement, compromise, waiver or release of any Claim, Cause of Action, Right of Action or

claim for relief unless this Plan or the Confirmation Order specifically and unambiguously so provides. The non-disclosure or non-discussion of any particular Claim, Cause of Action, Right of Action or claim for relief is not and shall not be construed as a settlement, compromise, waiver, or release of any such Claim, Cause of Action, Right of Action or claim for relief.

**The Debtor, the Liquidating Debtor and the Plan Agent reserve any and all claims and rights against any and all third parties, whether such claims and rights arose before, on or after the Petition Date, the Confirmation Date, the Effective Date, the Record Date and/or any Distribution date, including, without limitation, any and all Causes of Action, Rights of Action and/or claims for relief that the Debtor, the Liquidating Debtor or the Plan Agent may have against (i) any former director and/or officer of the Debtor and/or any other named defendant in the pending derivative suits involving the Debtor, including but not limited to Louis Schaeffer, James J. Mermis, Patrice Chemin, Roger D. Burks, R. Joshua Koch, Thomas B. Coleman, and Bryan K. Wilson, (ii) any insurer on any directors' and officers' liability and/or similar insurance policies in which either the Debtor and/or its current or former personnel have an insurable or other interest in or right to make a claim against, any other of the Debtor's insurers, and (iii) Hornbeck Offshore Services, LLC, Gulmar Offshore Middle East, LLC, Subtech Marine, Ltd., Subtech Diving, Ltd., Subtech Offshore, Ltd., Goodcrane Corporation, AIG, Tudor Pickering Holt & Co. Securities, Inc., Globaltech Consultants, Inc., Globaltech Offshore, Unique System, L.L.C., Buxo Trinidad and Tobago, Limited and any of their affiliates and insiders. The entry of the Confirmation Order shall not constitute *res judicata* or otherwise bar, estop or inhibit any actions by the Debtor, the Liquidating Debtor or the Plan Agent relating to any claims, Causes of Action or Rights of Action referred to in this Article 11.6, or otherwise. The Plan Agent shall constitute the representative for the Debtor and its Estate for purposes of retaining, asserting and/or enforcing Rights of Action under § 1123(b)(3)(B) of the Bankruptcy Code. On the Effective Date, the Plan Agent shall be substituted as a party of record in all pending litigation brought by or against the Debtor without need for further order of the Bankruptcy Court.**

## Article 12
## RETENTION OF JURISDICTION

12.1    Exclusive Bankruptcy Court Jurisdiction.    The Court shall retain and have exclusive jurisdiction over this Chapter 11 Case to the maximum extent provided by law for the follow purposes following the Confirmation Date:

12.1.1    To determine any and all objections to the allowance and classification of Claims or Interests;

12.1.2    To determine the validity and priority of any Lien;

12.1.3    To determine the Allowed Amount of any Claim, whether secured or unsecured;

12.1.4     To allow any and all applications for allowances of compensation and reimbursement of expenses payable from the estate;

12.1.5     To determine any and all applications or motions pending before the Court on the Effective Date of the Plan, including without limitation any motions for the rejection, assumption or assumption and assignment of any executory contract or unexpired lease.

12.1.6     To consider and approve any modification of this Plan, remedy any defect or omission or reconcile any inconsistency in the Plan, or any order of the Court, including the Confirmation Order;

12.1.7     To hear and determine all controversies, suits and disputes that may arise in connection with the interpretation, enforcement or consummation of this Plan, the Confirmation Order, any transactions or payments contemplated hereby or any agreement, instrument or other document governing or related to any of the foregoing;

12.1.8     To consider and act on the compromise and settlement of any claim or cause of action by or against the Debtor;

12.1.9     To issue orders in aid of execution and implementation of this Plan and the Confirmation Order, to the extent authorized by 11 U.S.C. §1142 or provided by the terms of this Plan; and

12.1.10    To hear and determine matters concerning federal, state or local taxes in accordance with §§ 346, 505 or 1146 of the Bankruptcy Code

12.2     <u>Limitation on Jurisdiction</u>.   In no event shall the provisions of this Plan be deemed to confer in the Bankruptcy Court jurisdiction greater than that established by the provisions of 28 U.S.C. §§ 157 and 1334.

## Article 13
## CONDITIONS TO CONFIRMATION OF PLAN

13.1     <u>Conditions Precedent to Effective Date</u>.   The following are conditions precedent to the occurrence of the Effective Date:

13.1.1   The Confirmation Order shall have been entered by the Bankruptcy Court;

13.1.2   The form of all documents necessary or appropriate to give effect to the transactions contemplated under the Plan, if any, have been approved and executed;

13.1.3   All required consents, approvals, and authorizations, if any, have been obtained;

13.1.4   There shall be no stay of the Confirmation Order in effect; and

13.1.5 All other actions, documents and agreements necessary to implement the Plan shall have been effected or executed

13.2 <u>Annulment of Plan if Conditions Not Waived or Satisfied</u>. The Debtor reserves the right to waive any of the conditions precedent to the Effective Date. If any of the conditions precedent are not waived, and are not satisfied within the specified time periods or can no longer occur, the Confirmation Order will be annulled and the Debtor and all parties in interest will return to the *status quo ante* immediately before the entry of the Confirmation Order.

**Article 14**
**<u>NOTICE PROVISIONS</u>**

14.1 <u>Notices</u>. All notices, requests, elections or demands in connection with this Plan, including any change of address of any Creditor or Interest Holder for the purposes of receiving Distributions under this Plan and to avoid forfeiting the same pursuant to Article 8 of this Plan, shall be in writing and shall be delivered personally, by facsimile, overnight courier or first class mail. Such notice shall be deemed to have been given when received or, if mailed by first class mail, 5 Business Days after the date of mailing, or if by overnight courier, the next Business Day following the date of mailing. Notices required to be sent to the following parties under this Plan shall be addressed to:

*To the Liquidating Debtor/Plan Agent:*

H. Malcolm Lovett, Jr.
520 Post Oak, Suite 320
Houston, TX 77027
Telephone: (713) 418-7125
Facsimile: (713) 418-7145

-and-

David R. Jones
Joshua W. Wolfshohl
Porter & Hedges, L.L.P.
1000 Main Street, 36th Floor
Houston, TX 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6253

*To the Committee:*

Michael D. Rubenstein
John G. Almy
Liskow & Lewis
1001 Fannin, Suite 1800
Houston, Texas 77002
Telephone: (713) 652-2900
Facsimile: (713) 651-2952

14.2    <u>Limitation on Notice</u>.  The Debtor/Liquidating Debtor shall give the following notice with regard to the following matters, which notice shall be deemed to be good and sufficient notice of such matters with no requirement for any additional or further notice:

       14.2.1  <u>Notice of Entry of Confirmation Order</u>.  Notice of the Effective Date shall be sufficient if mailed to all known holders of Claims and Equity Interests (which have not become Disallowed as of the date of mailing).  Such notice shall be mailed within 5 Business Days of the Effective Date.  In addition, notice of the entry of the Effective Date shall be published in the national edition of the Wall Street Journal.

       14.2.2  <u>Post Confirmation Date Service</u>.  From and after the date the Confirmation Order becomes a Final Order, notices of appearances and demands for service of process filed with the Court prior to such date shall no longer be effective.  No further notices (other than notice of entry of the Confirmation Order) shall be required to be sent to any entities or Persons, except those Persons specified in Article 14.1 of this Plan, the Post-Confirmation Committee, the Office of the U.S. Trustee and any Creditor or Interest Holder who files a renewed request for service of pleadings and whose Claim has not been fully satisfied.

14.3    <u>General Notice To Creditors</u>.  All notices and requests to Creditors or Interest Holders of any Class shall be sent to them at the addresses set forth on the proofs of claim or, if no proof of claim was filed, to their last known address as reflected in the records of the Debtor.  Any Creditor or Interest Holder may designate in writing any other address for purposes of this Article, which designation shall be effective upon receipt by the Debtor.

## Article 15
## MISCELLANEOUS PROVISIONS

15.1    <u>Bar Date for Administrative Claims</u>.  No Administrative Claim, other than Professional Fees and United States Trustee fees, will be paid unless the holder of such Administrative Claim has filed an application for payment of such Administrative Claim on or before the Administrative Claim Bar Date.  Upon the filing of any application for payment, the entity seeking payment of an Administrative Claim shall provide notice by United States Mail in accordance with the Bankruptcy Rules.  Any Administrative Claim, other than Professional Fees and United States Trustee fees, not filed in accordance with this section shall be barred and the Liquidating Debtor shall have no liability for payment of any such Administrative Claim.

15.2    Objections to Administrative Claims   Objections to Applications for payment of Administrative Claims may be filed by any party in interest.  In order to be considered, such objections must be filed on or before the 20th day following the date on which the application was filed.  Any objections will be determined by the Bankruptcy Court.

15.3    Payment of Professional Fees.   Each holder of a Professional Fee Claim shall be paid in respect of such Professional Fee Claim in Cash, in full, on the Effective Date, or, if such Claim has not been approved by the Bankruptcy Court on or before the Effective Date, promptly after Bankruptcy Court approval of the Professional Fee Claim by a Final Order.   Final fee applications for any Professional Fee Claim that has not been approved as of the Effective Date shall be filed within 45 days of the Effective Date and such applications and objections thereto (if any) shall be filed in accordance with and comply in all respects with the Bankruptcy Code, the Bankruptcy Rules, applicable local rules, and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals entered by the Bankruptcy Court on July 14, 2008.

15.4    Payment of United States Trustee Fees. Within thirty days of the date that such payments are due, the Debtor/Liquidating Debtor shall pay all amounts owing to the United States Trustee as fees and costs imposed in connection with this Chapter 11 Case.

15.5    Directive to State Agencies   At such time as the Liquidating Debtor files articles of dissolution, all governmental agencies are directed to accept such articles and recognize the dissolution of the Liquidating Debtor regardless of whether all Claims, including taxes have been paid in full.

15.6    Warranty of Transfers.   All property, whether real or personal, to be transferred by the Debtor/Liquidating Debtor to any person or entity under this Plan, is transferred "as is, where is," with no representation or warranty of any kind.

15.7    Compliance with Tax Requirements.   In connection with this Plan, the Debtor/Liquidating Debtor shall comply with all withholding and reporting requirements imposed by federal, state, and local taxing authorities, and Distributions hereunder shall be subject to such withholding and reporting requirements.

15.8    Amendment of the Plan.  This Plan may be amended or modified by the Debtor before, or by the Liquidating Debtor/Plan Agent after the Effective Date, as provided in § 1127 of the Bankruptcy Code.

15.9    Timing of Distributions.  Unless otherwise specified herein, all payments and Distributions shall be made on the Payment Date.  When a provision of this Plan requires that a payment shall be made on a certain date, such payment may be made (i) at any time prior to the date on which such payment is due; (ii) in more frequent intervals than set forth in such provision of the Plan; or (iii) not more than 10 days after the date any such payment is due. Notwithstanding the foregoing, no payment shall be considered late or otherwise result in a default unless the Liquidating Debtor has failed to make the payment after the passage of 30 days

following the receipt by the Liquidating Debtor of a written notice advising that a payment has not been received in accordance with the times set forth in this paragraph. At the ten month anniversary of the Effective Date, to the extent: (1) sufficient Available Cash exists and (2) all claims senior to Class 5 Claims have been paid in full, then the Plan Agent shall make a full and final Distribution from Available Cash to Holders of Allowed Class 5 Claims and reserve funds sufficient to pay all disputed Class 5 Claims. Subject to the foregoing conditions, the Plan Agent may begin making Distributions to Holders of Class 6 and 7 Claims and Class 8 and 9 Interests in accordance with the terms of the Plan. The Post-Confirmation Equity Subcommittee shall have the right to seek an order from the Bankruptcy Court compelling the foregoing Distribution if such Distribution is not timely made.

15.10 <u>Enforcement of Subordination Agreements</u>. Any written subordination agreement between holders of Allowed Claims will be honored according to its terms for the purposes of distribution under this Plan.

15.11 <u>Filing of Documents in Public Records</u>. Pursuant to § 1146 of the Bankruptcy Code, the issuance, transfer or exchange of a security or the making of an instrument of transfer under this Plan (including without limitation the filing of any mortgage, deed of trust, security agreement, uniform commercial code financing statement or other similar document) shall not be taxed under any law imposing a stamp tax or similar tax.

15.12 <u>Right to Seek Further Orders</u>. The Liquidating Debtor and the Plan Agent, if and to the extent necessary, will seek such orders, judgments, injunctions, regulatory approvals, and rulings that may be required to carry out and further the intentions and purposes, and give full effect to the provisions, of the Plan.

15.13 <u>Regulatory Approvals</u>. As the Plan is not intended to modify or supplant any regulatory authority over the Debtor or the Liquidating Debtor, all regulatory approvals required in connection with the Plan will be sought and obtained.

15.14 <u>Withdrawal of Plan</u>. The Debtor reserves the right to withdraw this Plan at any time prior to the Confirmation Date. If the Debtor withdraws this Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void. In such event, nothing contained herein shall be deemed to constitute an admission, waiver or release of any Claims by or against the Debtor, the Estate or any other person, or to prejudice in any manner the rights of the Debtor, the Estate or any person in any further proceedings involving the Debtor.

15.15 <u>Due Authorization by Creditors</u>. Each and every Creditor who elects to participate in the Distributions provided for herein (i) warrants that he is authorized to accept in consideration of its Claim against the Debtor the Distributions provided for in this Plan; (ii) states that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by him under this Plan; and (iii) indemnifies and holds harmless the Liquidating Debtor, the Post-Confirmation Committee, the Plan Agent and their professionals and representatives with respect to such Distributions.

15.16   Filing of Additional Documentation.  On or before the Effective Date, the Debtor may file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

15.17   Implementation.  The Debtor, the Liquidating Debtor and the Plan Agent shall be authorized to perform all reasonable, necessary and authorized acts to consummate the terms and conditions of the Plan.

15.18   Further Effect of Confirmation.  Confirmation of this Plan effects no settlement, compromise, waiver or release of any Claim or cause of action unless this Plan or the Confirmation Order specifically so provides.  The non-disclosure or non-discussion of any particular Claim or cause of action is not and shall not be construed as a settlement, compromise, waiver, or release of any such Claim or cause of action.

15.19   Reservation of Claims.  The Debtor, the Liquidating Debtor and the Plan Agent reserve any and all claims and rights against any and all third parties, whether such claims and rights arose before, on or after the Petition Date, the Confirmation Date, the Effective Date, the Record Date and/or any Distribution Date, including, without limitation, any and all Claim and causes of action for relief that the Debtor, the Liquidating Debtor or the Plan Agent may have against any director, officer, any insurer under any insurance policy, or any other person or entity.  The entry of the Confirmation Order shall not constitute *res judicata* or otherwise bar, estop or inhibit any actions by the Debtor, the Liquidating Debtor or the Plan Agent relating to any Claims or causes of action.  The Plan Agent shall constitute the representative for the Debtor and its Estate and the Liquidating Debtor for purposes of retaining, asserting and/or enforcing Claims and causes of action under Section 1123(b)(3)(B) of the Bankruptcy Code.

15.20   Dates.  The provisions of Bankruptcy Rule 9006 shall govern the calculation of any dates or deadlines referenced in the Plan.

15.21   Governing Law.  Except to the extent that the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Texas, without giving effect to any conflicts of law principles.

15.22   Conflict.  Except as otherwise provided in the Plan, to the extent the Confirmation Order and/or this Plan are inconsistent with the Disclosure Statement, any other agreement entered into between the Debtor and any third party, the Plan controls the Disclosure Statement and any such agreements and the Confirmation Order (and any other orders of the Bankruptcy Court) controls the Plan.

15.23   Severability.  The provisions of this Plan shall not be severable unless such severance is agreed to by the Debtor and the Committees and such severance would constitute a permissible modification of this Plan pursuant to Section 1127 of the Bankruptcy Code.

15.24 <u>Further Action</u>. Nothing contained in the Plan shall prevent the Liquidating Debtor or the Plan Agent from taking such actions as may be necessary to consummate the Plan, even though such actions may not specifically be provided for within the Plan.

**Date: December 16, 2008.**

                                   **/s H. Malcolm Lovett, Jr.**

                                   H. Malcolm Lovett, Jr.,
                                   Chief Restructuring Officer for
                                   Superior Offshore International, Inc.

                                   **/s Terry Braud**

                                   Terry Braud
                                   Chairman of the Committee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUPERIOR OFFSHORE | § | CASE NO. 08-32590-H2-11 |
| INTERNATIONAL, INC., | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

FIRST SUPPLEMENT TO THE
FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION

Superior Offshore International, Inc. and the Official Committee of Unsecured Creditors file this First Supplement to the First Amended Joint Chapter 11 Plan of Liquidation (the "Plan").

1.      Pursuant to Article 7.5 of the Plan, the Official Committee of Equity Security Holders has designated Ms. Claire Davis and Mr. Michael Parker as its appointees to the Post-Confirmation Committee.

2.      Pursuant to Article 7.5 of the Plan, the Official Committee of Unsecured Creditors has designated Mr. Bruce Lucas, Mr. Terry Braud and Mr. L. Don Miller as its appointees to the Post-Confirmation Committee.

3.      Under Article 1.42, the sole discretion of the Debtor to extend the Effective Date of the Plan is deleted.

**Date:  January 17, 2009.**

                                    Respectfully submitted,

                                    **Porter & Hedges, L.L.P.**

By:                                 _____
                                    David R. Jones
                                    State Bar No. 00786001/S.D.Tex. No. 16082
                                    Joshua W. Wolfshohl
                                    State Bar No. 24038592
                                    1000 Main, 36th Floor
                                    Houston, Texas 77002
                                    (713) 226-6000
                                    (713) 226-6253 (Facsimile)
                                    **Counsel for Superior Offshore
                                    International, Inc.**

**EXHIBIT
2**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served by United States first class mail to all parties listed on the attached Service List on January 19, 2009 and by electronic transmission to all registered ECF users appearing in the case on January 17, 2009.

David R. Jones