UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUPERIOR OFFSHORE | § | Case No. 08-32590-H2-11 |
| INTERNATIONAL, INC., | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

### MOTION FOR AN ORDER OF CIVIL CONTEMPT
### AGAINST TRIUMPH MARINE, INC. AND ROBERT S. REICH

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Marvin Isgur,**
**Chief United States Bankruptcy Judge:**

H. Malcolm Lovett, Jr. (the "Plan Agent"), the plan agent under the confirmed plan of liquidation (the "Plan"), files this motion for an order of civil contempt against Triumph Marine, Inc. and Robert S. Reich.

### Nature of the Motion

1. With full knowledge of these bankruptcy proceedings and despite multiple warnings, Triumph Marine, Inc. ("Triumph") and its counsel, Robert S. Reich ("Reich"), continue to prosecute prepetition claims against the Debtor in direct violation of the injunctions contained in the Plan and confirmation order. Triumph's and Reich's actions are willful and

reflect a wonton disregard for this Court's authority and applicable law. The Plan Agent requests that the Court enter an order (i) holding Triumph and Reich in civil contempt; (ii) ordering Triumph and Reich to immediately dismiss Triumph's lawsuit against the Debtor; and (iii) sanctioning Triumph and Reich, jointly and severally, for their conduct. Specifically, the Plan Agent seeks compensatory sanctions against Triumph and Reich as well as sanctions to deter them from similar future conduct.

## Jurisdiction and Legal Authority

2. This Court has jurisdiction over civil contempt proceedings under 28 U.S.C. § 157; 11 U.S.C. § 105 and FED. R. BANKR. P. 9020. *In re Terrebone Fuel and Lube*, 108 F.3d 609, 612-13 (5th Cir. 1997); *In re Abacus Broadcasting Corp.*, 150 B.R. 925, 928 (Bankr. W.D. Tex. 1993). A civil contempt proceeding is a core proceeding under 28 U.S.C. § 157(b)(2). *Kellogg v. Chester*, 71 B.R. 36, 38 (N.D. Tex. 1987). A court may impose sanctions in civil contempt proceedings to compensate a party for unnecessary injuries suffered and costs incurred because of the contemptuous conduct. *United States v. United Mine Workers*, 67 S.Ct. 677, 701 (1947); *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d. 392, 400 (5th Cir. 1987). A civil contempt proceeding is a core matter if it arises out of the violation of an order issued in a core proceeding. *In re Skinner*, 917 F.2d 444, 448 (10th Cir. 1990).

3. In a civil contempt proceeding, the moving party need only show (i) that a court order was in effect; (ii) the order required certain conduct by the respondent; and (iii) the respondent failed to comply with the court's order. *F.D.I.C. v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995). A court may even order the incarceration of a non-complying person with the incarceration to terminate upon compliance with the court's order. *See In re Spanish River Plaza Realty Co., Ltd.*, 155 B.R. 249, 254 (Bankr. S.D. Fla. 1993).

**Relevant Background**

4. On April 24, 2008, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. On January 28, 2009, the Court entered its order confirming the Plan (the "Confirmation Order"). Article 11.2 of the Plan provides as follows:

> <u>Limited Discharge of Debtor and Injunction</u>. The Confirmation Order will operate as a general resolution with prejudice, as of the Effective Date, of all pending legal proceedings, if any, against the Debtor and its assets and properties and any proceedings not yet instituted against the Debtor or its assets and properties, except as otherwise provided in the Plan. **Except as otherwise expressly provided in the Plan or the Confirmation Order, all Persons who have held, hold, or may hold Claims against the Debtor are permanently enjoined on and after the Effective Date from (a) commencing or continuing in any manner any action or other proceeding of any kind against the Debtor or the Liquidating Debtor, or their property, with respect to any such Claim, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order with respect to any such Claim against the Debtor or the Liquidating Debtor, or their property, (c) creating, perfecting, or enforcing any encumbrance of any kind against the Debtor or the Liquidating Debtor, or their property, with respect to such Claim, (d) asserting any right of subrogation of any kind against any obligation due to the Debtor or the Liquidating Debtor, or the property of the Debtor, the Estate or the Liquidating Debtor with respect to any such Claim.** Unless otherwise provided in the Plan or by order of the Bankruptcy Court, all injunctions or automatic stays provided for in this case pursuant to § 105, if any, or § 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date will remain in full force and effect until the Effective Date; and (e) asserting any right of setoff or recoupment against the Debtor, the Estate or the Liquidating Debtor.

6. The Court's confirmation order binds Triumph and Reich to comply with the Plan's provisions.

7. The Plan became effective on February 11, 2009.

8. On June 30, 2009, Reich filed a proof of claim [Claim No. 530] on behalf of Triumph for $65,000.00. By operation of Article 8.5 of the Plan, the proof of claim was deemed disallowed. The Plan Agent sent a letter to Reich on July 23, 2009 notifying him of the claim's

disallowance. Copies of the proof of claim and July 23, 2009 letter are attached as **Exhibits 1 and 2**.

9. Undeterred, Reich proceeded to file a complaint on behalf of Triumph against the Debtor in the United States District Court for the Eastern District of Louisiana on or around October 25, 2010, seeking to compel the Debtor to undertake to defend and indemnify Triumph for claims asserted by the Debtor's former employee related to a 2005 job injury (the "Louisiana Action"). A copy of the complaint is attached as **Exhibit 3**.

10. When the Plan Agent learned of the Louisiana Action, he sent a letter notifying Reich of the injunctions contained in the Plan and Confirmation Order and requesting that Triumph immediately cease prosecution of the lawsuit. A copy of the Plan Agent's November 17, 2010 letter is attached as **Exhibit 4**.

11. An attorney at Reich's office subsequently contacted the Plan Agent's counsel requesting that the Plan Agent waive service of the summons and complaint. The conversation was followed by a letter describing the nature of the Louisiana Action and requesting that the Plan Agent execute a waiver of service under Rule 4 and place the Debtor's "underwriters on notice." A copy of the Triumph's December 22, 2010 letter is attached as **Exhibit 5**.

12. On February 21, 2011, counsel for the Plan Agent notified Triumph's counsel that the Plan Agent was not willing to waive service under Rule 4 and that the prosecution of the Louisiana Action violated the injunctions contained in the Plan and Confirmation Order. A copy of the February 21, 2011 letter is attached as **Exhibit 6**.

13. On March 2, 2011, Reich sent a letter (dated March 1, 2011) acknowledging receipt of the February 21, 2011 letter and notifying counsel for the Plan Agent that he intended to proceed with serving the Plan Agent in violation of the Plan injunctions. A copy of the March 2, 2011 letter is attached as **Exhibit 7**.

14. Upon receipt of the March 2 letter, counsel for the Plan Agent immediately notified Reich—*once again*—that his/Triumph's actions violated the Plan injunctions and warning that the Plan Agent would seek his fees and costs incurred in connection with enforcing the terms of the Plan. A copy of the March 2, 2011 email to Reich is attached as **Exhibit 8**.

15. On March 4, 2011, Reich served the Plan Agent with Triumph's complaint. Copies of the complaint and summons are attached as **Exhibit 9**.

### Relief for Finding of Contempt and Imposition of Sanctions

16. The facts are undeniable. Triumph and Reich have proceeded in total disregard of this Court's authority, the bankruptcy process and the laws of the United States. The contemnors chose this path despite multiple warnings and with full knowledge of the impact of their actions. The fact that Reich is a licensed attorney is an aggravating factor. The Plan Agent seeks an order finding Triumph and Reich in contempt of this Court's Confirmation Order and Plan injunction. The Plan Agent requests an order directing Triumph and Reich to immediately dismiss the Louisiana Action with prejudice. In addition, the Plan Agent seeks compensatory sanctions as well as sanctions to deter Triumph and Reich from similar future conduct.

17. Triumph and Reich have willfully engaged in conduct that is in direct violation of the injunctions contained in the Plan and Confirmation Order. This Court has the inherent authority to protect the integrity of the bankruptcy process by the imposition of appropriate sanctions. *In re Rainbow Magazine, Inc.*, 77 F.3d 278 (9th Cir. 1996). The appropriate sanction for Triumph and Reich's conduct is not limited to the harm caused but should be determined with a view toward deterring future conduct. *Pearson v. First NH Mortgage Corp.*, 200 F.3d 30, 42 (1st Cir. 1999).

18. The Plan Agent requests that compensatory sanctions be imposed against Triumph and Reich, jointly and severally, in an amount of not less than $25,000. The Plan

Agent seeks the imposition of coercive sanctions against Triumph and Reich, jointly and severally, in the amount of $50,000. Should Triumph and/or Reich file an appeal, the Plan Agent seeks a further award of $25,000 in attorney's fees for an unsuccessful appeal to the United States District Court, an additional $40,000 for an unsuccessful appeal to the Fifth Circuit and an additional $50,000 if an application for writ of certiorari is filed with the United States Supreme Court and the writ is denied.

19. Accordingly, the Plan Agent requests that the Court enter an order as set forth above and granting such other relief as is just.

**Dated: March 7, 2011.**

                                   **Porter Hedges LLP**

By: _/s/ David R. Jones (ECF)_
David R. Jones
State Bar No. 00786001/S.D.Tex. No. 16082
Joshua W. Wolfshohl
State Bar No. 24038592
1000 Main, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6253 (Facsimile)
**Counsel for H. Malcolm Lovett, Jr., Plan Agent**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument shall be duly served (i) by first class mail to all of the parties listed on the attached Service List; and (ii) by electronic transmission to all registered ECF users appearing in this case on March 7, 2011.

_/s/ David R. Jones (ECF)_
David R. Jones

## SERVICE LIST

H. Malcolm Lovett, Jr.
Strategic Capital Corporation
520 Post Oak Blvd., Suite 320
Houston, TX 77027

Hector Duran
Office of the United States Trustee
515 Rusk, Room 3516
Houston, TX 77002

Securities Exchange Commission
Attn: Merri Jo Gillette, Regional Director
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604-2908

Department of the Treasury – IRS
1919 Smith Street, Stop 5022HOU
Houston, Texas 77002

Office of the Attorney General
5137 Robert F. Kennedy Bldg.
10th St. & Constitution Ave. NW
Washington, D.C. 20530

Office of the U.S. Attorney
P.O. Box 61129
Houston, Texas 77208

Wanda Cohen
Special Assistant United States Attorney
8701 S. Gessner, Suite 710
Houston, TX 77074

I.R.S.
P.O. Box 21126
Philadelphia, PA 19114

Office of the Attorney General
State of Texas
P.O. Box 12548
Austin, TX 78711-2548

Office of the Attorney General
State of Louisiana
P.O. Box 94005
Baton Rouge, LA 70804

U.S. Department of Labor
Frances Perkins Bldg.
200 Constitution Ave, NW
Washington, D.C. 20210

**Counsel for Post-Confirmation Committee**
Michael D. Rubenstein
Liskow & Lewis
1001 Fannin, Suite 1800
Houston, TX 77002

Crossmar, Inc.
Attn: Terry P. Braud, Jr.
1950 S. Van Ave.
P.O. Box 3800
Houma, LA 70361

L & L Oil & Gas Services, LLC
c/o Scott J. Scofield
P.O. DRAWER 3028
Lake Charles, LA 70602-3028

Bruce Lucas
Infinity Investment Funds, LLC
550 N. Reo St., Ste. 300
Tampa, FL 33609-1065

**Counsel for the Post-Confirmation Equity Subcommittee**
Michael S. Etkin
Lowenstein Sandler, PC
65 Livingston Avenue
Roseland, NJ 07068

Atlas Allocation Fund, L.P.
Attn: Michael Parker
8214 Westchester, Suite 650
Dallas, TX 75225

Robert Osmundson
1413 Cactus Court
Ft. Collins, CO 80525

1323517v1

Claire Davis
200 Crescent Court, Suite 1150
Dallas, TX 75201

**Twenty Largest Creditors**
Airplus International,Inc.
PO Box 7247-6064
Philadelphia, PA 19170

Arc Control, Inc.
4875 Tufts Rd
Mobile, AL 36619

Bracewell & Giuliani
711 Louisiana St, Suite 2300
Houston, TX 77002-2770

Det Norske Vertias
3445 North Causeway Blvd
AAA Building, Suite 707
Metaire, LA 70002

Goodcrane Corporation
6631 Rixie Rd Se
Olympia, WA 98501

Hornbeck Offshore Services,LLC
PO Box 54863
New Orleans, LA 70154

Integra Service Technologies
PO Box 972353
Dallas, TX 75397-2353

IRS
P.O. Box 249
Memphis, TN 38101

KPMG, LLP
Dept 0721
PO Box 120001
Dallas, TX 75312-0721

Mako Technologies, LLC
Attn: Jacob Marcell
P.O. Box 3186
Morgan City, LA70381

Morgan City Rentals
POBox 2946
Morgan City, LA70381

Opportune
711 Louisiana Street, Suite 1770
Houston, TX7002

Pharma-Safe, LLC
P.O. Box 1059
10271 Flordia Blvd
Walker, LA 70785

Unique System LLC
1302 Import Drive
New Iberia, LA 70560

**Parties Requesting Notice**
Shelley Bush Marmon
Crady, Jewett & McCulley, LLP
2727 Allen Parkway, Suite 1700
Houston, TX 77019

David S. Bland/Robert P. Vining
LeBlanc Bland, PLLC
1717 St. James Place, Suite 360
Houston, TX 77056

Marsha A. Houston
ReedSmith LLP
355 S. Grand Ave., Suite 2900
Los Angeles, CA 90071

John L. Scott, Jr., Esq.
ReedSmith LLP
599 Lexington Avenue
New York, NY 10022

1323517v1                                    2

Joseph G. Epstein
Winstead PC
1100 JPMorgan Chase Tower
600 Travis Street
Houston, TX 77002

Stephen A. Roberts
Strasburger & Price, LLP
600 Congress Ave., Suite 1600
Austin, TX 78701

Lawrence Rothenberg
9525 Katy Freeway, Suite 300
Houston, TX 77024

Stephen L.Williamson/Ryan M. McCabe
Montgomery Barnett Brown Read
Hammond & Mintz, LLP
3300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

Glenn R. LeMay
Gordon & Rees, LLP
1900 West Loop South, Suite 1000
Houston, TX 77027

Peter Ito
Gordon & Rees, LLP
370 Seventeenth Street, Suite 4450
Denver, CO 80202

Keavin McDonald
Law Office of Keavin D. McDonald, P.C.
4543 Post Oak Place Dr., Suite 106
Houston, TX 77027

Clyde A. Pine, Jr.
Mounce Green Myers Safi Paxson Galatzan
P.O. Drawer 1977
El Paso, TX 79950-1977

William B. Masters, General Counsel
Superior Energy Services, Inc.
1105 Peters Road
Harvey, LA 70058

Tara G. Richard
Jones Walker Waechter Poitevent
Carrere & Denegre, LLP
201 St. Charles Ave., 51st Floor
New Orleans, LA 70170-5100

Dexter D. Joyner
4701 Preston
Pasadena, TX 77505

Jay W. Hurst
Assistant Attorney General
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

Stewart F. Peck/Christopher T. Caplinger
Lugenbuhl Wheaton Peck Rankin Hubbard
601 Poydras Street, Suite 2775
New Orleans, LA 70130

Marcy E. Kurtz/William A. (Trey) Wood
Bracewell & Giuliani, LLP
711 Louisiana, Suite 2300
Houston, TX 77002-2781

Craig H. Cavalier
3355 West Alabama, Suite 1160
Houston, TX 77098

Jeffrey M. Hirsch/ Julia A. Cook
Schlanger, Silver, Barg & Paine, LLP
109 North Post Oak Lane, Suite 300
Houston, TX 77024

Christopher Adams/Matthew S. Okin
Okin & Adams, LLP
1113 Vine St., Suite 201
Houston, TX 77002

John F. Unger
Royston, Rayzor, Vickery & Williams
1001 McKinney, Suite 1100
Houston, TX 77002-6418

John W. Kolwe
Longman Russo, APLC
P.O. Box 3408
Lafayette, LA 70502-3408

Art Sadin
Sadin Law Firm, PC
121 Magnolia, Suite 102
Friendswood, TX 77546

Lewis S. Kahn
Kahn, Gauthier, Swick, LLC
650 Poydras Street, Suite 2150
New Orleans, LA 70130

Kim E. Miller
Kahn, Gauthier, Swick, LLC
12 East 41st Street, 12th Floor
New York, NY 10017

Patrick L. Hughes
Haynes and Boone, LLP
1221 McKinney, Suite 2100
Houston, TX 77010

David Boyle
Consultant to Airgas Legal Department
259 Radnor Chester Road
Radnor, PA 19087

Louis M. Phillips/Brandon A. Brown
Gordon Arata McCollam Duplantis
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916

Charles L. Stinneford
Gordon Arata McCollam Duplantis
One Riverway
777 South Post Oak Ln., Suite 1300
Houston, TX 77056

Henry A. King/Robert C. Scruggs
King, Krebs & Jurgens, PLLC
6363 Woodway, Suite 820-A
Houston, TX 77057

Eric Wagner
Wagner Plate Works Texas, LLC
P.O. Box 40606
Houston, TX 77240

John P. Dillman
Linebarger, Goggan Blair & Sampson, LLP
P.O. Box 3064
Houston, TX 77253-3064

Linda Boyle
Time Warner Telecom, Inc.
10475 Park Meadows Drive, #400
Littleton, CO 80124

Lawrence Mullins, Esq.
1640 Hempstead Turnpike
East Meadow, NY 11554-1040

American Express Travel Related Svcs Co. Inc.
c/o Becket and Lee, LLP
P.O. Box 3001
Malvern, PA 19355-0701

Robert L. Broussard
Durio, McGoffin, Stagg & Ackermann
220 Heymann Boulevard
P.O. Box 51308
Lafayette, LA 70505-1308

Cannata's Super Market, Inc.
6289 West Park Ave., Suite 5
Houma, LA 70364

J. Fredrick Kessenich/Jon A. Van Steenis
Daigle, Fisse & Kessenich
227 Highway 21
Madisonville, LA 70447

Fortis Capital Corp.
520 Madison Avenue, 3rd Floor
New York, NY 10022

JP Morgan Chase
2200 Ross Avenue, 6th Floor
Dallas, TX 75201

1323517v1                4

Rupert P. Hansen
Cox, Wootton, Griffin, Hansen & Poulos
190 The Embarcadero
San Francisco, CA 94105

Goodcrane Corporation
12221 Almeda Road
Houston, Texas 77045

Douglas S. Draper
Heller, Draper, Hayden, Patrick & Horn
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103

R. Frederick Linfesty
745 Atlantic Avenue, 10th Floor
Boston, MA 02110

Scott J. Scofield
Scofield, Gerard Singletary & Pohorelsky
901 Lakeshore Drive, Suite 900
Lake Charles, LA 70601

Pharma-Safe Industrial Services, Inc.
c/o Saloom & Saloom, Attorneys at Law
P.O. Drawer 2999
Lafayette, LA 70502-2999

Patricia Williams Prewitt
Locke Lord Bissell & Liddell, LLP
3400 JPMorgan Chase Tower
600 Travis Street
Houston, TX 77002-3095

Kevin P. Walters
Chaffe McCall, LLP
815 Walker Street, Suite 953
Houston, TX 77002

George A. Kurisky, Jr.
Johnson DeLuca Kennedy & Kurisky, P.C.
1221 Lamar, Suite 1000
Houston, TX 77010

William H. Seele
Julian & Seele, P.C.
11767 Katy Freeway, Suite 350
Houston, TX 77079-1735

Eric J. Taube
Hohmann, Taube & Summers, LLP
100 Congress Ave., 18th Floor
Austin, TX 78701

Norman C. Sullivan, Jr.
Fowler Rodriguez Valdes-Fauli
400 Poydras Street, 30th Floor
New Orleans, LA 70130

Janet Casciato-Northrup/Heather McIntyre
Hughes Watters Askanase, LLP
Three Allen Center
333 Clay, 29th Floor
Houston, TX 77002

John H. Genovese/Glenn D. Moses
Genovese Joblove & Battista, P.A.
100 SE 2nd Street, 44th Floor
Miami, FL 33131

Thomas A. Zabel/Holly Dobbs Arnold
Zabel Freeman
420 Heights Boulevard
Houston, TX 77007

Thomas Rosseland/John H. Killeen
Bodker, Ramsey, Andrews,
Winograd & Wildstein, P.C.
One Securities Centre
3490 Piedmont Road, Suite 140
Atlanta, GA 30305-4808

Ronald J. Sommers/Susan J. Brandt
Gretchen Gauer McCord
Nathan Sommers Jacobs
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056-5705

1323517v1                                           5

Philip G .Eisenberg/Mark A. Chavez
Locke Lord Bissell & Liddell, LLP
600 Travis St., Suite 3400
Houston, TX 77002

Omer F. Kuebel, III
Locke Lord Bissell & Liddell, LLP
601 Poydras St., Suite 2660
New Orleans, LA 70130

David L. Colvin
Colvin Law Firm
230 Huey P. Long Avenue
Gretna, LA 70053

R. Joshua Koch, Jr.
650 Poydras, Suite 1660
New Orleans, LA 70130

State of Delaware - Division of Corporations
John G. Townsend Building
401 Federal Street, Suite 4
Dover, Delaware   19901

Andrew J. Sarne
Kane Russell Coleman & Logan
1010 Lamar, Suite 1800
Houston, TX 77002

L&L Ironworks, LLC
P.O. Box 454
Harvey, LA 70059-0454

Anthony D. Branca
Woodstock Financial Group, Inc.
117 Towne Lake Pky Suite 200
Woodstock, GA 30188

Lowe Offshore International, Ltd.
c/o Terry L. Lowe, Esq.
12650 Crossroads Park Dr.
Houston, TX 77065-3416

Michael Biles
Greenberg Traurig, LLP
300 West 6th Street, Suite 2050
Austin, Texas 78701

Stanwood R. Duval
Duval Funderburk Sundbery Lovell Watkins
101 Wilson Avenue
P.O. Box 3017
Houma, LA 70361

Amertrin Marine & Logistics Services, Ltd.
Attn: William K. Terrill
16801 Greenspoint Park Dr., Suite 225
Houston, TX 77060

Kurt B. Olsen, Esq.
Klafter Olsen & Lesser, LLP
1250 Connecticut Ave., NW, Suite 200
Washington, D.C. 20036

Jeffrey Klafter, Esq.
Klafter Olsen & Lesser, LLP
Two International Dr., Suite 350
Rye Brook, NY 10573

Treeline Fund, LP
Attn: Gary Horton
200 Crescent Court, Suite 1600
Dallas, TX 75201

Robert S. Reich
Reich, Album & Plunkett, LLC
3850 North Causeway Blvd., Suite 1000
Two Lakeway Center
Metairie, LA 70002