UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUPERIOR OFFSHORE | § | CASE NO. 08-32590 |
| INTERNATIONAL, INC., | § | (Chapter 11) |
| | § | |
| DEBTOR. | § | |

**RESPONSE TO THE DEBTOR'S MOTION
TO DISALLOW LATE-FILED PROOFS OF INTEREST**
(relates to docket no 2240)

COMES NOW, Joseph G. Calhoun, Lynn A. Calhoun, Custodian, Ryan J. Calhoun, Lynn A. Calhoun, Custodian for Griffin P. Calhoun, and Joseph G. Calhoun and Lynn A. Calhoun (collectively, the "Calhouns") and hereby files their Response to the Debtor's Motion to Disallow Late-Filed Proofs of Interest (the "Response") and would state as follows:

1. On November 8, 2010, Malcolm Lovett, Jr., the Plan Agent for Superior Offshore International, Inc. (the "Plan Agent") filed his Joint Motion to (i) Approve Procedures to Determine Holders of Class 8 Interest; and (ii) Establish a Bar Date and Noticing Procedures for Class 8 Interest (the "Joint Motion") (docket no. 2201).

2. An Order (the "Order") granting the Joint Motion was entered on January 3, 2011 (docket no. 2212).

3. The Order set February 28, 2011 as the deadline for filing Proofs of Interest and stated that "The Plan Agent shall serve this Order on all shareholders listed in the Deposit Trust Company Stock Position Report dated February 11, 2009." The Order also stated that the Notice of Deadline for Filing Proofs of Interest should be published at least twice in the Houston Chronicle, the Times Picayune, and the Wall Street Journal.

999999.028/956213.1

4. On January 11, 2011, the Plan Agent filed a Certificate of Service (docket no. 2214). Attached to the Certificate of Service were several documents, including a letter dated January 5, 2011 (the "Letter") to the Holders of Class 8 and executed by David Jones, counsel to the Plan Agent. Numerous brokerage houses were listed on the Service List attached to the Certificate of Service, including TD Ameritrade, Attn: Gary Swain, 1005 Ameritrade Place, Bellevue, NE 68005.

5. Notwithstanding the attempts by the Plan Agent to provide notice, the Calhouns did not receive notice of the requirement to file a proof of interest. The Calhouns received no notification from the Plan Agent or from TD Ameritrade (the Calhoun's brokerage house). Once the Calhouns were advised, by a fellow shareholder of the bar date, the Calhouns expeditiously moved to file their proof of interest.

6. On March 23, 2011, the following Proofs of Interest were filed:

    a. Joseph G. Calhoun Roth IRA — 30,000 shares;
    b. Lynn A Calhoun, Custodian for Ryan J Calhoun — 5,000 shares;
    c. Lynn A. Calhoun, Custodian for Griffin Calhoun — 5,000 shares; and
    d. Joseph G. Calhoun & Lynn A Calhoun Jt Ten — 3,000 shares.

7. The Calhouns' shares were held by their brokerage firm, TD Ameritrade, a division of TD Ameritrade, Inc. ("TD Ameritrade"). TD Ameritrade, through no fault of the Calhouns, failed to forward the Proofs of Interest forms to the Calhouns to complete and file with the bankruptcy court. In fact, the only way that the Calhouns found out about the deadline was in a conversation with a co-worker who had received notice of the Proof of Interest bar date. As soon as the Calhouns heard about the Proof of Interest bar date, they obtained and completed the appropriate forms and sent them to Malcolm Lovett, Jr., the Plan Agent, for filing.

8. The Calhouns should not be denied the benefit of filing the Proofs of Interests because TD Ameritrade did not forward the Proofs of Interest forms to them for completion.

The lack of effective notice deprived the Calhouns of due process. In essence the Plan Agent and the Court were dependent upon a third party (TD Ameritrade) to voluntarily seek to provide notice to the Debtor's shareholders. The notice failed. As such the Calhouns did not receive actual notice and the procedure, although well meaning by all involved did not provide the Calhouns with reasonable notice of the bar date. *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir.), *cert. denied*, 493 U.S. 811, 110 S. Ct. 55, 107 L. Fed. 2d 24 (1989). Furthermore, no party in interest is harmed by the late filing of the proof of interest as the Plan Agent and other shareholders knew the actual number of shares outstanding. To deny the Calhouns late filed proof of interest not only deprives the Calhouns of the benefit of the value of their shares, but merely constitutes a windfall to the other shareholders.

9. To the extent that the Court finds that notice was reasonable under the circumstances, the Calhouns would request that their late filed proof of interest be allowed pursuant to the doctrine of excusable neglect. The Court by taking into account all of the relevant circumstances surrounding the late filing should find that the Plan Agent is not prejudiced, the length of delay is insignificant, there is no impact on the judicial proceedings and the Calhouns acted in good faith. *In re Eagle Bus Mfg. Inc.*, 62 F.3d 730, 736-37 (5th Cir. 1995).

10. Although the Debtor published the notice of the Proof of Interest bar date in three separate newspapers, the Calhouns did not see the notice.

THEREFORE, PREMISES CONSIDERED, the Calhouns pray that the Court allow their Proofs of Interest filed on March 23, 2011, and grant such other relief as set forth above.

999999.028/956213.1

Respectfully submitted this the 27th day of April, 2011.

                HIRSCH & WESTHEIMER, P.C.

                By: /s/ Michael J. Durrschmidt
                    Michael J. Durrschmidt
                    Texas Bar No. 06287650
                    700 Louisiana, Floor 25
                    Houston, Texas 77002
                    Telephone: 713-220-9165
                    Facsimile: 713-223-9319
                    E-mail: mdurrschmidt@hirschwest.com

                Attorneys for Joseph G. Calhoun, Lynn A. Calhoun,
                Custodian, Ryan J. Calhoun, Lynn A.
                Calhoun, Custodian, Griffin P. Calhoun, and
                Joseph G. Calhoun and Lynn A. Calhoun,

## VERIFICATION

I, Joseph G. Calhoun have read the Response to Debtor's Motion to Disallow Late-Filed Proofs of Interest and hereby declare under penalty of perjury that the statement contained in paragraphs 5, 6, 7 and 10 are true and correct.

                                            /s/ Joseph G. Calhoun
                                             Joseph G. Calhoun

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April, 2011, a copy of the foregoing Response to the Debtor's Motion to Disallow Late-Filed Proofs of Interest was served to the parties on the attached service list via first class mail, postage prepaid, and/or the Clerk of the Court through the ECF system.

                /s/ Michael J. Durrschmidt
                Michael J. Durrschmidt