UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUPERIOR OFFSHORE | § | CASE NO. 08-32590 |
| INTERNATIONAL, INC., | § | (Chapter 11) |
| | § | |
| DEBTOR. | § | |

**RESPONSE TO THE DEBTOR'S MOTION
TO DISALLOW LATE-FILED PROOFS OF INTEREST**
(relates to docket no 2240)

COMES NOW, Randy Putman and hereby files his Response to the Debtor's Motion to Disallow Late-Filed Proofs of Interest (the "Response") and would state as follows:

1. On November 8, 2010, Malcolm Lovett, Jr., the Plan Agent for Superior Offshore International, Inc. (the "Plan Agent") filed his Joint Motion to (i) Approve Procedures to Determine Holders of Class 8 Interest; and (ii) Establish a Bar Date and Noticing Procedures for Class 8 Interest (the "Joint Motion") (docket no. 2201).

2. An Order (the "Order") granting the Joint Motion was entered on January 3, 2011 (docket no. 2212).

3. The Order set February 28, 2011 as the deadline for filing Proofs of Interest and stated that "The Plan Agent shall serve this Order on all shareholders listed in the Deposit Trust Company Stock Position Report dated February 11, 2009." The Order also stated that the Notice of Deadline for Filing Proofs of Interest should be published at least twice in the Houston Chronicle, the Times Picayune, and the Wall Street Journal.

4. On January 11, 2011, the Plan Agent filed a Certificate of Service (docket no. 2214). Attached to the Certificate of Service were several documents, including a letter dated January 5, 2011 (the "Letter") to the Holders of Class 8 and executed by David Jones, counsel to

999999.028/949415.1

the Plan Agent. Numerous brokerage houses were listed on the Service List attached to the Certificate of Service, including E*Trade, Brian Lemargie, 10951 White Rock Road, Rancho Cordovay, CA 95670, Attn: Gary Swain, 1005 Ameritrade Place, Bellevue, NE 68005.

5. All notices went to home, this notice went to office. Randy Putman had discussions with the Plan Agent's counsel and based on those discussions Randy Putman believed that his ownership interest in the Debtor was known to the Plan Agent. Randy Putman understood that since he believed his stock interests were known to the Plan Agent there was no need to file a proof of interest.

6. The certificate of service reflects that the Plan Agent attempted to provide service to Randy Putman at 520 Post Oak Blvd., Suite 320, Houston, Texas 77027 which of course is the address of Strategic Capital Corporation, the address of the Plan Agent. All other notices to Randy Putman were sent to his home address.

7. On March 24, 2011 and April 1, 2011, Randy Putman filed the following Proofs of Interest:

    a.    Randy Putman Rollover IRA    9,500 shares; and
    b.    Randy Putman    20,000 shares.

8. The lack of effective notice deprived Randy Putman of due process. In essence the Plan Agent and the Court were dependent upon a third party to voluntarily seek to provide notice to the Debtor's shareholders. The notice failed. The procedure, although well meaning by all involved did not provide Randy Putman with reasonable notice of the bar date particularly in light of his misunderstanding. *Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.)*, 863 F.2d 393, 396 (5th Cir.), *cert. denied*, 493 U.S. 811, 110 S. Ct. 55, 107 L. Fed. 2d 24 (1989). Furthermore, no party in interest is harmed by the late filing of the proof of interest as the Plan Agent and other shareholders knew the actual number of shares outstanding. To deny

Randy Putman's late filed proof of interest not only deprives Randy Putman of the benefit of the value of the shares, but merely constitutes a windfall to the other shareholders.

9. To the extent that the Court finds that notice was reasonable under the circumstances, Randy Putman would request that his late filed proof of interest be allowed pursuant to the doctrine of excusable neglect. The Court by taking into account all of the relevant circumstances surrounding the late filing should find that the Plan Agent is not prejudiced, the length of delay is insignificant, there is no impact on the judicial proceedings and that Randy Putman acted in good faith. *In re Eagle Bus Mfg. Inc.,* 62 F.3d 730, 736-37 (5th Cir. 1995).

10. Although the Debtor published the notice of the Proof of Interest bar date in three separate newspapers, Randy Putman did not see the notice.

THEREFORE, PREMISES CONSIDERED, Randy Putman pray that the Court allow their Proofs of Interest filed on March 23, 2011, and grant such other relief as set forth above.

Respectfully submitted this the 2nd day of May, 2011.

>HIRSCH & WESTHEIMER, P.C.
>
>By: /s/ Michael J. Durrschmidt
>    Michael J. Durrschmidt
>    Texas Bar No. 06287650
>    700 Louisiana, Floor 25
>    Houston, Texas 77002
>    Telephone: 713-220-9165
>    Facsimile: 713-223-9319
>    E-mail: mdurrschmidt@hirschwest.com

Attorney for Randy Putman

999999.028/949415.1

## VERIFICATION

I, Randy Putman have read the Response to Debtor's Motion to Disallow Late-Filed Proofs of Interest and hereby declare under penalty of perjury that the statement contained in paragraphs 5, 6, 7 and 9 are true and correct.

_____
Randy Putman

## CERTIFICATE OF SERVICE

I hereby certify that on the ~~29th~~ 2nd day of ~~April~~ may, 2011, a copy of the foregoing Response to the Debtor's Motion to Disallow Late-Filed Proofs of Interest was served to the parties on the attached service list via first class mail, postage prepaid, and/or the Clerk of the Court through the ECF system.

/s/ Michael J. Durrschmidt
Michael J. Durrschmidt

4

999999.028/949415.1