# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUPERIOR OFFSHORE | § | Case No. 08-32590-H2-11 |
| INTERNATIONAL, INC., | § | (Chapter 11) |
| | § | |
| Debtor. | § | |

## MOTION TO DISALLOW UNSUPPORTED PROOFS OF INTEREST

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable Marvin Isgur,**
**Chief United States Bankruptcy Judge:**

H. Malcolm Lovett, Jr., the plan agent under the confirmed plan of liquidation, (the "Plan Agent") files this Motion to Disallow Unsupported Proofs of Interest.

## Nature of the Motion

1.     By Order entered January 4, 2011, the Court established a procedure for the submission of proofs of interest. Under the terms of the Court's order, each proof of interest was required to be supported by a stock certificate, brokerage statement or other documentation reflecting the current ownership of Superior Offshore International, Inc. ("Superior" or the "Debtor") stock. The failure to timely submit a properly documented proof of interest results in

the automatic disallowance of the proof of interest.  The Plan Agent has spent considerable time requesting supplemental documentation in an effort to aid those submitting timely proofs of interest to comply with the Court's Order.  For administrative purposes, the Plan Agent seeks an order specifically disallowing the proofs of interest that remain non-compliant with the Court's Order.  This motion is being sent to each party submitting an unsupported proof of interest in order to provide them an opportunity to tell the Court why the Court's prior order is not applicable to their specific situation.

## Relevant Background

2.     On April 24, 2008, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  By Order entered July 28, 2008, the Court established a bar date for filing proofs of claim [Docket No. 671].  With respect to proofs of interest, the Order states as follows:

> Any entity holding an interest in the Debtor (an "Interest Holder"), which interest is based exclusively upon the ownership of common stock (the "Interest"), need not file a proof of interest on or before the Bar Date or any government bar date, as applicable; …. The Debtor reserves the right to establish at a later time a bar date requiring Interest Holders to file proofs of interest. If such a bar date is established, Interest Holders will be notified of the bar date for filing of proofs of interest at the appropriate time.

3.     On January 28, 2009, the Court entered an order confirming the First Amended Joint Chapter 11 Plan of Liquidation (the "Plan").  The Plan became effective on February 11, 2009.  Pursuant to the Plan, all creditors in Classes 1-6 have been paid in full with interest.[1] Equity interests in the Debtor are classified as Class 8 – Interests.

4.     On November 8, 2010, the Plan Agent and the Post-Confirmation Committee filed their Joint Motion to (i) Approve Procedure to Determine Holders of Class 8 Interests; and

---

[1]   Class 7 – Subordinated Securities Claims is comprised primarily of a proof of claim filed on behalf of a putative class in a pending securities fraud lawsuit before U.S. District Judge Nancy Atlas (the "Securities Litigation").  A settlement has been reached in the Securities Litigation.  As part of the settlement, the class proof of claim is being withdrawn.

(ii) Establish a Bar Date and Noticing Procedures for Class 8 Interests [Docket No. 2201]. By Order entered January 4, 2011, the Court approved a procedure for the submission of proofs of interest (the "Procedures Order") [Docket No. 2212].

5.      The Procedures Order provides, in part, the following:

6.      On or before the Bar Date, each current beneficial holder of a Class 8 – Equity Interest must submit to the Plan Agent an original and completed proof of interest using the form attached hereto as **Exhibit 2**. **The proof of interest must be accompanied by a stock certificate, brokerage statement or other documentary evidence reflecting the interest holder's ownership as of the date of the proof of interest.**

8.      Proofs of interest that are not timely filed or signed and supported by a stock certificate, brokerage statement or other documents reflecting the interest holder's ownership as of the date of the proof of interest will be ineffective to assert a Class 8 – Interest. **The failure to timely follow the foregoing procedure shall result in the automatic disallowance of the Class 8 – Interest and the holder of such interest is forever barred from receiving any distribution under the Plan** (emphasis added).

6.      Once the Bar Date passed, the Plan Agent evaluated each proof of interest. Parties that submitted an insufficient proof of interest were contacted at least once and requested to submit specific documentation necessary to comply with the Procedures Order.[2] The following proofs of interest remain non-compliant with the Procedures Order as of the date of this motion:

| Index Number | Name | Shares |
|---|---|---|
| 13 | Daniel Myers | 2,500 |
| 15 | David and Linda Green | 1,180 |
| 20 | Margaret Ann Watkins | 1,700 |
| 46 | Frederick Freeman | 200 |
| 94 | Joseph K. Huenke IRA | 1,000 |
| 151 | Thomas Hogan IRA | 200 |
| 168 | Andrew L. Recchia | 150 |

---

[2]      Due to the nature of the insufficiency of his proof of interest, Charles Zamora was not contacted as the deficiency cannot be cured.

| Index Number | Name | Shares |
|---|---|---|
| 175 | Gerald and Teresa Hodgson | 1,020 |
| 202 | Randolph Gordon | 200 |
| 218 | David P. Scheiderich IRA | 180 |
| 342 | David and Kimberly Howe | 6,000 |
| 359 | Arevig Caprielian | 95 |
| 366 | Frank J. Allbright | 1,000 |
| 428 | Charles Zamora | 30,000 |
| 430 | Daniel G. Webber | 1,000 |
| 456 | Kirk Rome IRA | 300 |
| 495 | Patricia Heath IRA | 250 |
| 496 | Jean Graham | 200 |
| 519 | Margaret Curley/Frank Kryza | 2,000 |
| 528 | Arni and Pamela Halling | 582 |
| 571 | Anthony Owens and Michael St. Clair | 350 |
| 585 | Marilyn Cantrell | 100 |
| 590 | Dan Turnwald IRA | 300 |
| 591 | Julius and Ruth Kasa | 700 |
| 592 | Stephanie Mouton | unknown |
| 594 | Marilyn Grigonis | unknown |

## Request for Disallowance of Unsupported Proofs of Interest

7.     The Procedures Order is final and non-appealable.  The language of the Procedures Order is clear and unambiguous.  In order to proceed with the distribution process, however, the Plan Agent seeks an order specifically disallowing the identified unsupported proofs of interest.  This process will also provide the affected parties an opportunity to address the Court regarding their individual situations.

## Relief Requested

The Plan Agent requests that the Court (i) disallow the unsupported proofs of interest received by the Plan Agent; and (ii) grant such other relief as set forth above.

Dated: May 9, 2011.

**Porter Hedges LLP**

By: _____

David R. Jones
State Bar No. 00786001/S.D.Tex. No. 16082
Joshua W. Wolfshohl
State Bar No. 24038592
1000 Main, 36th Floor
Houston, Texas 77002
(713) 226-6000
(713) 226-6253 (Facsimile)
**Counsel for H. Malcolm Lovett, Jr., Plan Agent**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument shall be duly served (i) by first class mail to all of the parties listed on the attached Service List; and (ii) by electronic transmission to all registered ECF users appearing in this case on May 9, 2011.

_____

David R. Jones

## Service List

Daniel Myers
P.O. Box 812589
Boca Raton, FL 33432

David and Linda Green
1167 Capote Oaks Drive
Seguin, Texas 78155

Margaret Ann Watkins
2210 Twin Oaks Blvd.
Kemah, TX 77565

Frederick D. Freeman
5913 Quality Hill
Colleyville, Texas 76034

Joseph K. Huenke
104 Royal Court
Safety Harbor, FL 34695

Andrew Recchia
429 Hancock Ave.
Vandergrift, PA 15690

Gerald and Teresa Hodgson
14124 N. Peone Road
Mead, WA 99021

Randolph Gordon
1109 Hollow Pine Drive
Oviedo, FL 32765

David Scheiderich
11102 Town Elm Court
Houston, Texas 77065

David and Kimberly Howe
2416 Pocomoke Court
Simi Valley, VA 93065

Arevig Caprielian
63119 Alderton Street
Rego Park, NY 11374

Frank Jude Allbright
20397 Overmier Road
Loranger, LA 70446

Charles Zamora
1927 Mandy Lane
League City, TX 77573

Daniel Webber
11112 NW 116th
Yukon, OK 73099

Kirk Rome
7239 N. Mersington
Gladstone, MO 64119

Patricia F. Heath
P.O. Box 621
Buda, Texas 78610

Jean Graham
615 North Butler
Farmington, NM

Frank M. Kryza
Personal Rep. for Margaret K. Curley
7108 Humming Bird Lane
New Port Richey, FL 36455

Arni and Pamela Halling
221 E. Hook Road
Hopewell Junction, NY 12533

Anthony Owens/Michael St. Clair
201 Waterberry Drive
Broussard, LA 70518

Marilyn Cantrell
5420 Halsted Avenue
Carmichael, CA 95608

Dan Turnwald
13425 Brennan Rd.
Chesaning, MI 48616

Julius and Ruth Kasa
1390 State Route 10
Lincoln, IL 62656

**<u>Service List</u>**

Stephanie Mouton
516 N. Suire
Erath, LA 70533

Mary Grigonis
1485 Front Street, Apt. 11
East Meadow, NY 11554

Thomas J. Hogan
10 Patterson Avenue
West Nyack, NY 10994