IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**In re:**

| | | |
|---|---|---|
| **SUPERIOR OFFSHORE** | * | CASE NO. 08-32590-H2-11 |
| **INTERNATIONAL, INC.** | * | (CHAPTER 11) |
|     **Debtor** | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO AMEND THE PLAN INJUNCTION TO ALLOW TRIUMPH MARINE, INC. TO PURSUE ITS CLAIM FOR CONTRACTUAL DEFENSE IN THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF LOUISIANA**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND A HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

NOW INTO COURT, through undersigned, comes Triumph Marine, Inc. ("Triumph") and moves this Court for an Order amending the Plan Injunction to permit it to file a lawsuit for contractual defense and indemnity nominally against the debtor, Superior Offshore International,

1

Inc. ("Superior"), to the extent of available insurance coverage, all for the reasons more fully set forth herein.

**I.**

The Court has jurisdiction over this motion as a case proceeding, pursuant to 28 U.S.C. §§157, 1334. Venue of these proceedings within this District is proper pursuant to 28 U.S.C. §§1408, 1409.

**II.**

The claim Triumph seeks to litigate in the United States District Court for the Eastern District of Louisiana arises out of the same contract under which Triumph sought contractual defense and indemnity, and which Superior's underwriters defended for more than two and a half years after the commencement of this bankruptcy case.

**III.**

The underlying tort action arises out of an incident that allegedly occurred on or about June 25, 2005 when Noel Butcher, an employee of Superior, alleges he sustained injuries in connection with the transfer of a piece of equipment from Triumph's liftboat to a platform on which he was working. In furtherance of his claim, Butcher filed suit on or about November 7, 2007 in the matter captioned *Noel Butcher v. Superior Offshore International, LLC* C.A. 07-8136 "R-5", pending in the United States District Court for the Eastern District of Louisiana.[1] (For the Court's convenience, the entirety of the PACER record through May 17, 2011 is attached hereto as Exhibit "A". Triumph will attach hereto those pleadings filed in the United States District Court for the Eastern District of Louisiana that are particularly relevant to the instant motion and shall reference other pleadings as "E.D.La. Record Do. No. ___"; based on Exhibit "A".)

---

[1] Exhibit "B".

"A".) Butcher originally only sued his employer Superior under the Jones Act and general maritime law.

## IV.

As part of its defense against Butcher's claim, Superior filed a Third-Party claim against Triumph, tendering Triumph to Butcher under Rule 14(c) of the Federal Rules of Civil Procedure and asserting a claim against Triumph for reimbursement of compensation, and/or maintenance and cure paid to or on Butcher's behalf.[2]

## V.

Triumph, in turn filed a Counterclaim against Superior for contractual defense and indemnity, based on Superior's claim that it was working for Marlin Energy, the platform owner, pursuant to a Master Service Agreement.[3] Specifically, Triumph pled that the Master Service Agreement[4] required Superior to defend, indemnify and hold Triumph harmless for the claims asserted by its employee. Though Superior already was represented in the case, a different set of lawyers answered on behalf of Superior denying that it owed contractual defense and indemnity to Triumph.

## VI.

Beginning with Superior's Answer to Triumph's Crossclaim filed on or about April 16, 2008, and continuing through October 21, 2010, the date Superior filed a Motion to Dismiss its claim against Triumph to recover maintenance and cure paid to or on behalf of Butcher.[5] Superior was represented by two sets of lawyers: one set defending Butcher's Jones Act and

---

[2] Exhibit "C".
[3] Exhibit "D".
[4] Exhibit "E".
[5] E.D. La., Record Doc. No. 193.

3

general maritime law claim and also prosecuting Superior's claim for reimbursement for maintenance and cure, and the second set defending Triumph's contractual indemnity claim.

## VII.

As the Court is aware, on or about April 24, 2008 Superior commenced this bankruptcy case.[6] At that time there was pending in the Eastern District a Motion for Summary Judgment on behalf of Superior on the issue of plaintiff's status as a Jones Act seaman.[7] Additionally, there had been set a trial date of January 12, 2009 with various associated cut-offs.[8]

## VIII.

At no time after the filing of this instant bankruptcy case, with the exception of a single Motion to Continue filed on December 3, 2008[9], did Superior ever raise the issue of the automatic stay found in 11 U.S.C. §362. In fact, when the issue was raised by counsel defending Superior in connection with Triumph's claim for contractual indemnity, it was in a joint Motion to Continue a trial date and was not to advise the District Judge in the Eastern District of Louisiana that nothing should go forward in the Eastern District litigation, but rather simply a generic statement that Butcher, not Triumph, was required to come before this Court to obtain leave to continue to prosecute his lawsuit.[10]

## IX.

Despite the fact that the automatic stay was already in effect, because the District Court had granted summary judgment in Superior's favor on December 2, 2008, finding that Butcher was not a seaman under the Jones Act and dismissing the entirety of the lawsuit,[11] the District

---

[6] Bankruptcy Rec. Doc. No. 1
[7] E.D. La. Rec. Doc. No. 24.
[8] E.D. La. Rec. Doc. Nos. 10, 11 and 12.
[9] Exhibit "F".
[10] *Id.*
[11] E.D. La., Record Doc. No. 59.

Court, apparently believing the entire lawsuit had ended, denied the Joint Motion to Continue.[12] Subsequently, following the filing of a Motion to Reopen the Case, the District Judge recognized that there was a 14(c) tender and that the entirety of the case was not resolved by the Motion for Summary Judgment.[13] Triumph timely filed an appeal from the District Court's Judgment on seaman status and that issue went before the United States Court of Appeals for the Fifth Circuit, which ultimately affirmed the District Court's decision.[14] At no time while the case was on appeal did Superior advise the Fifth Circuit that there was an automatic stay in place such that the litigation should not go forward.

## X.

When the matter returned to the District Court, one set of lawyers was still prosecuting Superior's claim for reimbursement of maintenance and cure, while a second set of lawyers was defending Triumph's contractual indemnity claim against Superior. Once again, at no time after the case returned from the Fifth Circuit did Superior ever raise the issue of the automatic stay in connection with either its right to recover or its defense of the contractual indemnity claim. Likewise, at no time did Superior ever substitute any other party as the proper plaintiff in connection with its recovery efforts. Upon information and belief, Superior's underwriters were providing and paying for all counsel representing Superior in the Eastern District litigation at no cost to Superior.

## XI.

This Court confirmed Superior's Plan on or about January 28, 2009. At no time thereafter did Superior ever advise the Court in the Eastern District of Louisiana that the Plan

---

[12] E.D. La., Record Doc. No. 65.
[13] E.D. La., Record Doc. No. 78.
[14] E.D. La. Rec. Doc. No. 98.

contained an injunction. Rather Superior's underwriters continued to litigate its claim for reimbursement and to defend the claim for contractual defense and indemnity.

## XII.

Triumph filed a Proof of Claim[15] which was disallowed as untimely. Despite the denial of the Proof of Claim, Triumph's counterclaim against Superior in the Eastern District of Louisiana continued unabated.

## XIII.

In summer 2010, for the first time, Triumph learned that Superior was not working for Marlin Energy pursuant to the Master Work Contract, as Superior had previously contended, but rather was working pursuant to an oral contract with CT Technical Services, Inc., a separate contractor of Marlin Energy. This revelation was made not by Superior, but by Marlin in connection with its corporate deposition. This revelation came as a surprise even to Superior's lawyers in the Eastern District litigation.

## XIV.

Because Triumph had very specifically pled its contractual indemnity claim by alleging that Superior was working for Marlin, Superior filed a Motion for Summary Judgment shortly after the revelation that it was not working for Marlin was made.[16] That Motion was set for hearing with oral argument before the District Judge in the Eastern District of Louisiana on September 29, 2010 at 10:00 a.m.[17]

---

[15] Bankruptcy Rec. Claim No. 530.
[16] Exhibit "G".
[17] E.D. La. Rec. Doc. No. 155.

6

XV.

Recognizing the validity of the arguments based on the specific allegations of its claim, Triumph moved to amend its counterclaim against Superior to assert that Triumph was nevertheless entitled to indemnity pursuant to Paragraph 12 of the Agreement which provides:

> In addition to being applicable to times when contractor [Superior] is performing services for MARLIN or through its authorized representatives, the terms and provisions hereof in the covenants, warranties, and the indemnities contractor contained herein shall also be applicable to and operate in favor of MARLIN were contractors working on the same job as MARLIN, even when contractor has not been hired by MARLIN or its duly authorized representatives.

Triumph filed its Motion to Amend[18] on September 14, 2010. It was set for hearing with oral argument before Magistrate Judge Alma Chasez on September 29, 2010 at 11:00 o'clock a.m.[19]

XVI.

At 10:00 a.m. on September 29, 2010 counsel for Superior and Triumph appeared before the District Judge at which time counsel for Triumph candidly responded to a question from the District Judge and conceded that in the absence of the amendment to its counterclaim Superior's Motion for Summary Judgment was well founded based on the very specific allegations of the original Counterclaim, but that the amendment pending before the Magistrate Judge would cure the deficiency and permit Triumph to continue to litigate its claim for contractual defense of indemnity. Nevertheless, the District Judge, based on the pleadings in the record determined that she was duty bound to grant the Motion for Summary Judgment[20], and thus the Motion to Amend was made moot.[21]

---

[18] Exhibit "H".
[19] E.D. La. Rec. Doc. No. 164.
[20] Exhibit "I".
[21] E.D. La. Rec. Doc. No. 183.

## XVII.

Triumph then prepared a new, separate lawsuit against Superior based on the same contentions that were contained in its Amended Counterclaim and refiled that matter in the Eastern District.[22] It is that lawsuit that ultimately lead to Plan Agent objecting to service and to this Court's intervention in the matter.

## XVIII.

In the meantime, shortly before Triumph filed its new, separate lawsuit, Superior filed a Motion to Dismiss its claim against Triumph for reimbursement of maintenance and cure.[23] Superior apparently received payment from its longshore and harbor workers' compensation carrier and thus dismissed its claim against Triumph.

## XIX.

Ultimately, pursuant to this Court's instructions, Triumph filed a Motion to Dismiss its separate suit against Superior without prejudice.[24] Almost at the same time that this Court was discussing the matter in open court, Superior was filing a Motion to Dismiss the lawsuit in the Eastern District with prejudice.[25] After appearing in front of this Court, Triumph sought consent from Superior's Eastern District counsel to dismiss the matter without prejudice, but the consent was not forthcoming.[26] In fact, even after Triumph filed its Motion to Dismiss without Prejudice, Superior filed yet another Motion seeking Rule 11 sanctions for the refusal of Triumph to dismiss the Eastern District litigation with prejudice.[27]

---

[22] Exhibit "J".
[23] Exhibit "K".
[24] Exhibit "L".
[25] Exhibit "M".
[26] Exhibit "N".
[27] E.D. La. Rec. Doc. No. 222.

## XX.

There is presently scheduled a status conference for June 14, 2011 before the District Judge to discuss the various motions.[28]

## XXI.

Triumph now seeks leave from this Court to amend the Plan Injunction to permit it to proceed against Superior's underwriters only, and to litigate to judgment its claim for contractual defense and indemnity. Triumph seeks only to recover from applicable insurance proceeds and will not enforce any Judgment directly against Superior. Upon information and belief, Superior's defense as regards Triumph's claim has been and will continue to be provided to it by its underwriters, without cost to Superior's bankruptcy estate, and Triumph will only seek to recover from available insurance proceeds.

## XXII.

Article 11.2 of the Plan contains an injunction prohibiting prosecution of certain claims and causes of action against Superior and its estate. Triumph does not seek to prosecute its claim in the Eastern District to collect a judgment from Superior or its respective estate, rather Triumph seeks only to prosecute its claim to the extent there is applicable insurance coverage that would cover its claim for contractual defense and indemnity. Triumph seeks only to proceed against Superior in name only, and to enforce any judgment it may receive against Superior's insurer.

## XXIII.

While a discharge in bankruptcy releases the debtor from personal liability for the debt, it does not extinguish the debt itself.[29] "The discharge in Bankruptcy Court does not affect the

---

[28] E.D. La., Record Doc. No. 234.
[29] *In re Castle,* 289 B.R. 882, 886 (Bankr. E.D. Tenn. 2003).

liability of any other entity on, or the property of any other entity for, such a debt."[30] This specifically includes contractually responsible insurance companies.[31] The automatic stay under §362 is often lifted where litigation will be limited to recovery from applicable insurance policies.[32]

### XXIV.

The purpose of a discharge is not to protect an insurer simply because its insured receives a bankruptcy discharge.[33] Here Triumph does not seek any recovery against Superior, only against its insurer. Triumph will only recover to the extent there are available insurance proceeds.

### XXV.

Triumph has shown cause for lifting the injunction. The Eastern District litigation will not interfere with the instant bankruptcy case and would be against Superior as a nominal party only. As Triumph seeks to recover only to the extent of applicable insurance, any hardship to Superior is out-weighed by the potential hardship to Triumph.[34]

### XXVI.

To the extent this matter has been in litigation for several years after the commencement of this bankruptcy case, Triumph submits that there is no burden on Superior as its costs of defense are being born by its insurer.[35]

---

[30] 11 U.S.C. §524(e).
[31] *In re Rogers,* 266 B.R. 834, 836 (Bankr. W.D. Tenn. 2001); *In re Edgeworth,* 993 F.2d 51, 53 (5th Cir. 1993); *Owaski v. Jett Florida Systems, Inc.,* 883 F.2d 970, 976 (11th Cir. 1989).
[32] *In re Knefel,* 2007 Bankr. LEXIS 2890, *3 (E.D. Va. August 20, 2007).
[33] *Edgeworth,* 993 at 54.
[34] *In re Sonnax Industries,* 907 F.2d 1280, 1286 (2nd Cir. 1990).
[35] See, *In re Schultz,* 251 B.R. 823, 828 (Bankr. E.D. Tex. 2000).

## XXVII.

Triumph respectfully requests this Court modify the Plan for the limited purpose of allowing Triumph to prosecute its claim for contractual defense and indemnity in the Eastern District of Louisiana up to the limits of available liability insurance. Triumph only seeks to have Superior be a nominal party in such proceeding and does not seek recovery of any damages directly from Superior, and stipulates that any recovery it shall have is limited to available insurance proceeds.

**DATED:** May _____, 2011.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, L.L.C.**

  /s/ Robert S. Reich
**ROBERT S. REICH, T.A.**
**(LA Bar Roll No. #11163)**
**(TX Bar Roll No. #14484)**
**LAWRENCE R. PLUNKETT, JR. (#19739)**
1000 Two Lakeway Center
3850 North Causeway Boulevard
Metairie, Louisiana 70002
Telephone: (504) 830-3999
Telefax: (504) 830-3950
E-mail: rreich@rapllclaw.com
          lplunkett@rapllclaw.com
**Attorneys Triumph Marine, Inc**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the true and correct copy of the foregoing instrument shall be served by electronic transmission to all registered ECF users appearing in this case on May 19th, 2011.

/s/ Robert S. Reich