

ENTERED
10/19/2011

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 08-32590 |
| SUPERIOR OFFSHORE | § | Chapter 11 |
| INTERNATIONAL, INC., | § | |
| | § | Jointly Administered Order |
| Debtor(s). | § | Judge Isgur |

## MEMORANDUM OPINION AND ORDER

Triumph Marine, Inc. seeks to file a lawsuit for contractual defense and indemnity, nominally against the Debtor, Superior Offshore International, Inc. To file the lawsuit, Triumph seeks to have the plan injunction in Superior's bankruptcy case amended so that Triumph can sue to the extent of Superior's available insurance coverage. Triumph does not seek recovery of any damages directly from Superior.

In June 2005, Noel Butcher, a Superior employee, was allegedly injured while transferring equipment from Triumph's liftboat to a platform. Butcher sued Superior in the Eastern District of Louisiana ("Louisiana Litigation"), asserting claims under the Jones Act and general maritime law. Superior filed a third-party claim against Triumph. Triumph then filed a counterclaim against Superior for contractual defense and indemnity. Superior alleged that it was working for Marlin Energy, the platform owner, pursuant to a Master Service Agreement. Triumph asserted that the Master Service Agreement required Superior to defend, indemnify, and hold Triumph harmless for Butcher's claims.

Superior filed a motion for summary judgment on the issue of Butcher's status as a Jones Act seaman. This motion was still pending on April 24, 2008, when Superior filed for bankruptcy in this Court.

The Louisiana Litigation continued despite Superior's bankruptcy. The Eastern District of Louisiana granted Superior's motion for summary judgment on December 2, 2008.[1] *See* ECF No. 2254-2, at 13; ECF No. 2257-1, at 2.

The summary judgment did not resolve all claims in the case.[2] On December 3, 2008, Superior, together with Triumph, Butcher, and other parties, filed a joint motion to continue the proceeding. ECF No. 2257-1. The motion to continue said, "On April 24, 2008, [Superior] filed a Voluntary Petition for Chapter 11 bankruptcy . . . which subjects this case to an automatic stay Order. Counsel for [Butcher] must file a request with the Bankruptcy Court to obtain an Order lifting the automatic stay as to the insurance carriers of [Superior] before this matter may proceed." ECF No. 2257-1, at 2. Because the stay had not been lifted, Superior sought a continuance of trial and all pre-trial deadlines in the Louisiana Litigation.

Superior's chapter 11 plan was confirmed on January 28, 2009. ECF No. 1248. The plan enjoins proceedings against Superior. Article 11.2 states, "The Confirmation Order will operate as a general resolution with prejudice, as of the Effective Date, of all pending legal proceedings, if any, against the Debtor and its assets and properties and any proceedings not yet instituted against the Debtor and its assets and properties, except as otherwise provided in the Plan. Except as otherwise expressly provided in the Plan or the Confirmation Order, all Persons who have

---

[1] Triumph appealed the district court's summary judgment, and the district court's decision was affirmed by the Fifth Circuit. ECF No. 2254-2, at 17 (showing E.D. La. ECF No. 98).

[2] The district court initially entered judgment dismissing Butcher's complaint, but later reopened the case because the entirety of the case had not been resolved by the summary judgment. ECF No. 2254-2, at 15 (showing E.D. La. ECF No. 78).

held, hold, or may hold Claims against the Debtor are permanently enjoined on or after the Effective Date" from commencing or continuing proceedings with respect to those claims. ECF No. 1081, at 27.

The plan also bars late-filed claims. Article 8.5 of the plan states, "Except as otherwise provided in the Plan, any proof of claim filed by the holder of such Claim after the Bar Date is disallowed unless such proof of claim is subsequently determined to be timely filed or otherwise allowed by Final Order of the Bankruptcy Court issued pursuant to motion of such holder filed no later than thirty 30 days after the Effective Date, after notice and a hearing, finding excusable neglect." ECF No. 1081, at 24-25. The Bar Date was September 29, 2008. ECF No. 1081, at 9. The Plan became effective on February 11, 2009. ECF No. 2257-3.

Triumph filed a proof of claim on June 30, 2009. *See* ECF No. 2257-2. On July 23, 2009, Superior's Plan Agent notified Triumph that the claim was disallowed. *See* ECF No. 2257-3.

On August 16, 2010, Superior filed a motion for summary judgment as to Triumph's counterclaim. *See* ECF No. 2254-5. Triumph filed a motion to amend its complaint. *See* ECF No. 2254-4. At a hearing on September 29, 2010, the district court for the Eastern District of Louisiana announced that the motion for summary judgment was granted and that the motion to amend was moot. *See* ECF No. 2254-2, at 23-24. Judgment was entered in favor of Superior on the same day. *See* ECF No. 2254-2, at 24.

Triumph filed a separate complaint against Superior in the Eastern District of Louisiana on October 25, 2010, again seeking indemnification for Butcher's claims. *See* ECF No. 2254-6. Pursuant to the Bankruptcy Court's order, Triumph filed a motion to dismiss without prejudice its complaint against Superior on April 11, 2011. *See* ECF No. 2254-6, at 11-14.

Triumph now moves to modify the plan injunction so that it may proceed nominally against Superior. ECF No. 2254.

Triumph argues that the plan injunction should be modified, and Superior argues that the Bankruptcy Code prohibits modification of the plan injunction.

Triumph asserts that the plan injunction should be lifted because it seeks to proceed against Superior in name only. The litigation will not interfere with Superior's bankruptcy case. Additionally, Triumph asserts that "there is no burden on Superior as its costs of defense are being born [sic] by its insurer." ECF No. 2254, at 10. Triumph cites cases interpreting § 524 of the Bankruptcy Code, the discharge injunction provision, to argue that the discharge releases the debtor from personal liability for the debt, but does not extinguish the debt. Triumph also points out that the automatic stay is often lifted where litigation will be limited to recovering insurance proceeds.

Superior's Plan Agent argues that the scope of the plan injunction is broader than the scope of the discharge injunction under § 524. The Plan Agent argues that the plan injunction bars Triumph from proceeding against Superior, and Triumph may not continue its lawsuit unless the plan injunction is modified. Superior's Plan Agent argues that the modification of the plan injunction is not allowed under § 1127(b) of the Bankruptcy Code. ECF No. 2257, at 5. According to the Plan Agent, post-confirmation modification of a chapter 11 plan is allowed only when the modification is made by the "proponent of the plan or the reorganized debtor" and "before substantial consummation of such plan." 11 U.S.C. § 1127(b). Triumph is not a proponent of Superior's plan or the reorganized debtor, and the Plan Agent argues that the plan has been substantially consummated. The Plan Agent also argues that any request for relief from the injunction under § 1144, which governs revocation of confirmation orders, is barred.

Requests for revocation under § 1144 must be made within 180 days of the entry of the order, unless the order was procured by fraud. The confirmation order was entered on January 28, 2009, and Triumph does not allege that the order was procured by fraud.

The Court concludes that modification or revocation of the plan would not be allowed under § 1127(b) or § 1144. However, the plan injunction does not prevent Triumph from proceeding against Superior in name only.

Modification is not allowed. The plan injunction can be modified only if the change would "not rise to the level of a 'modification' that would be prohibited by § 1127(b)." *Romero v. Border Steel Rolling Mills Inc. (In re Border Steel Rolling Mills Inc.)*, 54 F. App'x 591, 2002 WL 31730255, at *2 (5th Cir. 2002). In *Border Steel*, the Fifth Circuit allowed a modification to the injunction where it was necessary "to carry out the intent and purpose of the plan." *Id.* at *3.

*Border Steel* is similar in some respects to this case. In *Border Steel*, as in this case, the plaintiff sought to collect only against the debtor's insurance proceeds. The court noted that "we have previously held that [a debtor's liability] insurance proceeds are not assets or property of the estate." *Id.* at *2 (citing *Edgeworth*, 993 F.2d at 55-56).

However, *Border Steel* involved several significant differences. First, the bankruptcy court had earlier lifted the stay to permit the plaintiff's suit to proceed, and the court concluded that the same logic that supported lifting the stay would equally support permitting the plaintiff's suit. *Id.* at *2. Second, and more importantly, the debtor's bankruptcy plan "specifically recognized that Romero's personal injury claim existed and noted that [the debtor] had insurance to deal with the claim for the amounts owed above the deductible." *Id.* at *3. The plan injunction in that case "specifically gave the bankruptcy court jurisdiction to 'correct any defect, cure any omission, or reconcile any inconsistency . . . which may be necessary or helpful to carry

out the purposes and intent of the plan.'" *Id.* (quoting debtor's plan). The modification of the plan injunction was thus consistent with the substance of the plan—not a true modification to the plan itself.

In this case, Superior's plan—far from recognizing Triumph's claim—barred Triumph's late-filed proof of claim. The stay was never lifted to allow Triumph to proceed against Superior. There is no inconsistency in the plan that needs to be reconciled. A modification of the plan injunction would therefore constitute a "modification" under § 1127(b).

Because Triumph is not a plan proponent or reorganized debtor, it may not seek modification of the plan under § 1127(b). The Court therefore does not modify the plan injunction.

However, the Court recognizes that modification of the plan injunction is not necessary to allow Triumph to proceed nominally against Superior in order to collect insurance proceeds. As long as Superior is truly a nominal party, and has no economic interest in the Louisiana federal proceeding, Superior will not have standing to raise the issue of the plan injunction. *See Alfred L. Snapp & Son, Inc. v. Puerto Rico, ex rel. Barez*, 458 U.S. 592, 601 (1982) (holding that a state lacks standing to represent the interests of particular citizens when "the State is only a nominal party without a real interest of its own"); *see also Border Steel*, 2002 WL 31730255, at *2 (stating that the plaintiff's suit "will not be depriving the beneficiaries of the plan of assets" and noting that because the debtor had "no economic interest" in the proceeding, it had asked "to be relieved of the responsibility of further participation").

Superior's lack of standing indicates that the Louisiana federal proceeding is not barred by the plan injunction. Implicit in the concept of an injunction is that the beneficiary would be

harmed by a violation. If an injunction's beneficiary—here, Superior—would not be harmed by an action, the action is not enjoined.

Triumph may nominally sue Superior only to collect insurance proceeds without modification of the plan injunction.[3] Triumph's motion to modify the plan injunction is denied.

In issuing this order, the Court has inferred that the parties agree that Superior is only a nominal party in the Louisiana federal litigation, without an economic interest in the proceeding. If this inference is incorrect, Superior is invited to seek reconsideration of this Order.

SIGNED **October 19, 2011.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

---

[3] Superior's insurer has not sought relief before the Court, and the Court does not rule on whether Superior's insurer may enforce the plan injunction.